MABEL F. HACKNEY, executrix, *vs.* WALTER BUTLER (and a companion case[1]).

Hampden. September 23, 1959. — October 30, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Exceptions: filing of bill; Vacation of judgment.

Where it appeared that in accordance with an alleged "not. . . uncommon practice" counsel for an excepting party, on a certain day previous to the expiration of the time for filing a bill of exceptions, handed to a clerk of the court on his way to court a motion, assented to by the opposing party, for an extension of such time to be presented to a judge for allowance without counsel being present, and that the motion was stamped and docketed as filed on that day, but that there was nothing on the motion or on the docket to indicate its allowance, it could not be said that the clerk must have presented the motion and had it allowed and failed to indorse the allowance on the motion and enter it on the docket; and after expiration of the time for filing the bill it was proper to enter judgment. [607–608]

After the expiration of the time for filing a bill of exceptions in an action and entry of judgment, a judge had no power under G. L. c. 231, § 113, to allow a bill to be filed even for inadvertence in failing to file it seasonably. [608]

It would not be a sound exercise of judicial discretion to vacate judgment in an action where it appeared that counsel for the party seeking the vacation, seasonably before expiration of the time for filing a bill of exceptions and in accordance with an alleged "not . . . uncommon practice," had handed to a clerk of the court on his way to court a motion for extension of the time for filing the bill to be presented to a judge for allowance without counsel being present, but that the motion, although stamped and docketed as filed, had never reached a judge for allowance and judgment had accordingly entered after expiration of the time for filing the bill. [609]

TWO ACTIONS OF TORT. Writs in the District Court of Springfield dated December 23, 1954 and December 24, 1954.

---

[1] The companion case is by the same plaintiff against Kenneth A. Jackson and Viola V. Jackson.

Upon removal of the actions to the Superior Court, they were tried before *Dewing,* J. The plaintiff alleged exceptions saved at the trial. The defendants alleged exceptions to the allowance of certain motions heard by the judge on September 19, 1956.

*John T. Quirk, Jr.,* for the plaintiff.

*Frederick S. Pillsbury,* for the defendant Butler.

*George W. Leary,* for the defendants Jackson.

WILKINS, C.J. These actions of tort, tried together with a third action not before us, arise out of an accident or series of accidents on January 20, 1954, allegedly due to negligent operation of automobiles. There were directed verdicts for the defendants on February 1, 1956. On February 21 the time for filing the plaintiff's bill of exceptions was extended to June 1. On May 18 the docket in each case shows the filing of the plaintiff's motion for further extension of time to October 1. The motions themselves are stamped as filed on that date and bear the assent of the defendants. There being nothing on the docket or on the motions to indicate allowance, judgments for the defendants were entered on June 4. On September 19 the plaintiff presented for allowance to the trial judge "motions to vacate judgment," filed July 2, alleging that the cases had not been ripe for judgment because the motions for extension of time to October 1 had been allowed on or about May 18, "though the action then actually taken by the court is not shown on the docket." On September 19 the "motions to vacate judgment," the motions for extension of time to October 1, and subsequent motions to extend time to December 1 were heard by the trial judge, who, on November 16, allowed all the motions. Each motion for extension of time to October 1 was indorsed, "Allowed nunc pro tunc 5/18/56."

At the hearing on the motions no evidence was introduced, but the plaintiff filed an affidavit of the clerk and of the second assistant clerk[1] reading as follows: "It is not an

---

[1] The affidavit was also drawn up for the first assistant clerk, who declined to execute it, but authorized the plaintiff's counsel to state to the court that the facts therein were in accord with his experience.

uncommon practice in this court for a motion for extension of time within which to file a bill of exceptions to the Supreme Judicial Court, where such motion is assented to by all parties, to be presented after filing to a clerk of this court, sometimes in the presence of a judge and sometimes not in the presence of a judge, for the clerk to take the motion before the court at the convenience of the presiding judge without the presence of the attorney who was offering the motion, and for such a motion to be indorsed, after it is allowed by the court, and returned to the file without further action on the part of the attorney who has brought the motion." The plaintiff's counsel stated to the court that on or about May 18 he handed the motions for extension of time to October 1 to one or another of the three clerks named in the affidavit who at that time was on his way to court to act in some session of the Superior Court and to be in the presence of a judge then sitting, but not the judge who presided at the trial. The plaintiff's counsel argued that it would be improbable in these circumstances for the clerk having these motions in hand not to have presented them to the judge then sitting; that the clerk could have presented them to a judge, had them allowed, and failed to make the indorsement of such allowance on the motions and the proper entries on the docket; and that if these were the facts, there were clerical errors.

1. We first consider the cases as "motions to vacate judgment." The affidavit and the statement of the plaintiff's counsel were an insufficient basis for the allowance of the motions. The plaintiff does not even penetrate the realm of conjecture with her contention that the motions for extension of time were allowed before June 4 or that there was a clerical error in failure to make entries on the docket. The affidavit at most showed the existence of a practice of the clerks in the county to perform favors for the bar which would be efficacious if carried through, but which, in the event of failure to conform, could not supersede the statutory requirements. The statement of counsel was a complete refutation that there had been in fact any presentation

of the motions to any judge, much less an allowance by him. The judgments entered on June 4, accordingly, must stand notwithstanding the plaintiff's contention that the allowance of the motions was matter of discretion. The judge had no discretion to act contrary to those provisions of G. L. c. 231, § 113, inserted by St. 1945, c. 328, which read: "If, through inadvertence, a party who has duly claimed exceptions failed to file a bill of exceptions within said twenty days or within such further time as may have been allowed, the presiding justice may, before final judgment, upon motion after notice and hearing, allow a bill of exceptions to be filed and may allow such bill of exceptions." If, as contended by the plaintiff, the trial judge has settled that the time was extended on or about May 18 from June 1 to October 1, the affidavit and statement of counsel did not warrant such a finding. This is not a case where the docket set forth an incorrect situation. There is, therefore, no occasion for the application of the principle of such a case as *Hathaway* v. *Congregation Ohab Shalom*, 216 Mass. 539, 542–543. The facts disclosed relating to the filing of the bill of exceptions rebut any presumption that the time for its filing had been duly extended. Hence, *Brigham* v. *Brigham*, 147 Mass. 159, 160, has no present bearing.

The procedure followed by counsel could hardly be considered to be inadvertence. But even if a sidewalk delegation of authority to a clerk could be so regarded, there was no action "before final judgment" as prescribed in § 113. In the circumstances, these cases stand precisely as they would have stood before the 1945 amendment. Under § 113, the trial judge after judgment was without power to revive the right of a party to file a bill of exceptions after the time limited by law had expired. *C. F. Hovey Co., petitioner*, 254 Mass. 551, 553. *Jordan Marsh Co.* v. *Barry*, 295 Mass. 210, 213. See *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 368–369.

2. In view of the arguments of the plaintiff and one of the defendants, we must consider whether the granting of the motions to vacate judgment may be sustained as a ruling

upon a petition to vacate judgment under G. L. (Ter. Ed.) c. 250, § 15, § 16, as amended by St. 1933, c. 244, § 1, and §§ 17–18. In the circumstances we shall not regard as fatal certain formal defects such as failure to institute a separate proceeding, to take out and serve an order of notice, or to require a bond. "A petition to vacate a judgment is addressed largely but not exclusively to the discretion of the presiding judge. His action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts." *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. "It would not be the exercise of sound judicial discretion to vacate a judgment merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity in the observance of established principles on his own part or that of his attorney." *Russell* v. *Foley*, 278 Mass. 145, 148. See *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424, 426–427; *Kravetz* v. *Lipofsky*, 294 Mass. 80, 83. We think it would not be proper to validate the method adopted in the cases at bar as standard, or even permissible, practice in the filing of bills of exceptions. It is the obligation of counsel to try to comply with the statutory provisions and the rules of court. It was not a reasonable attempt at compliance to initiate proceedings with a clerk on the street rather than to appear before a judge in the court house. This is none the less true even though the motions found their way into the court files. They never reached the objective of presentation to, and allowance by, a judge. What happened here was an easily foreseeable mishap occasioned by the attorney's abdication of continuing responsibility. It cannot be rightly said that the motions were taken up "for allowance in the usual way." It cannot be said to be the usual way in Hampden County, and it certainly is not the usual way contemplated by statute and rule as the uniform practice throughout the Commonwealth. G. L. c. 231, § 113 (as amended through St. 1945, c. 328). Rule 73 of the Superior Court (1954).

Cases cited by the plaintiff upon which to found an argument that the defendants have not shown harm due to the ruling complained of are not in point.

> *Defendants' exceptions sustained.*
> *Plaintiff's exceptions dismissed.*
> *Judgments for the defendants.*