HARRY J. MITCHELL, trustee in bankruptcy, vs. FRANK C. LITURI & others.

Middlesex. February 8, 1962. — May 3, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Clerk of Courts. Superior Court,* Filing of papers, Clerk.

In an action at law heard without a jury, where the trial judge did not authorize the clerk of courts to withhold filing findings and rulings made in the absence of counsel and delivered to the clerk's office on December 1, and copies thereof were mailed from that office on December 3 and were received by counsel on December 5, a claim of exceptions and a motion for a new trial filed by counsel on December 22 were not seasonably filed within Rule 72 of the Superior Court (1954) and G. L. (Ter. Ed.) c. 231, § 129, although they were filed within three days of receipt by counsel on December 19 of additional copies of the judge's findings and rulings sent on December 18 pursuant to a change of the filing date on the findings and rulings to December 18 by the clerk's office. [253–254]

The signature of a clerk of courts on a notice under G. L. (Ter. Ed.) c. 221, § 21, of a decision by a judge of the Superior Court in an action heard without a jury is not essential to the validity of the notice. [254]

BILL IN EQUITY, filed in the Superior Court on April 29, 1958, and later amended into and heard as an action at law.

The defendants excepted to certain action by *Barron,* J.

*Samuel P. Sears,* (*Lawrence R. Cohen* with him,) for the defendants.

*Edward E. Cohen,* for the plaintiff.

WILKINS, C.J.    This action at law was heard without jury by a judge of the Superior Court, who on December 1, 1959, delivered to the clerk's office in Middlesex County a finding for the plaintiff on count 1, a finding for the defendants on count 2, findings of fact, and rulings on the defendants' requests.    On December 3 copies were mailed by the clerk's office to all counsel, and were received by counsel for the defendants on December 5.    On December 18 the clerk's office again mailed to counsel copies of the findings which had already been mailed on December 3 and "which had been filed by the court on December 1, 1959," except that the filing dates on the papers had then been changed in the

clerk's office from December 1 to December 18 and there was a notation that copies were mailed to counsel on December 18 instead of on December 3. These copies were received by counsel on December 19. On December 22 new counsel for the defendants filed a claim of exceptions, which was the first such claim filed, and a motion for a new trial. These were dismissed by the trial judge, and the defendants excepted.

The only issues before us are whether the claim of exceptions and the motion were seasonably filed. The judge's findings in these proceedings show that they were not filed within three days after the receipt of notice from the clerk, as required by Rule 72 of the Superior Court (1954) for the exceptions and by G. L. (Ter. Ed.) c. 231, § 129, for the motion. The correctness of the defendants' contention that the filing was seasonable hinges upon whether the judge in fact had authorized the clerk's office to hold back the findings filed on December 1. Absent such authorization, the findings were sent out in due course and were effective notice to counsel. The judge's finding that that question had never been brought to her attention put an end to the matter. Although it was not material in view of that finding, she did not have to accept the testimony of the assistant clerk that notice of the findings had been sent in error, or that on December 7 or 8 he had so informed the defendants' previous counsel. On the assumption that such a conversation did take place, only at peril could counsel treat the clerk's statement (now found to be unauthorized) as overriding a rule of court or a statute or as being a communication paramount to judicial action. Cf. *Hackney* v. *Butler,* 339 Mass. 605.

The requirement in G. L. (Ter. Ed.) c. 221, § 21, that "when a decision is rendered in an action heard without a jury, the clerk shall give notice thereof," does not make the signature of the clerk or an assistant clerk indispensable to validity. The defendants were fully informed from the papers sent them that those papers had issued from the clerk's office.

*Exceptions overruled.*