*Western District*
## OLIVER E. CHAMPAGNY
and
## ALPHONSINE CHAMPAGNY
v.
## CARL H. ERICKSON a.k.a.
## CARL ERICKSON

Argued: Nov. 9, 1965—Decided: Nov. 29, 1965

*Present*: Garvey, P.J., Moore & Allen, JJ.
Case tried to *McCooey, J.* in the Second District Court of Southern Worcester. No. 6213.

*Garvey, P.J.* This contract action was transferred for trial under the provisions of G. L. (Ter. Ed.) c. 231, §102c. The plaintiffs, in three counts, seek damages for alleged breaches of a written contract. The defendant denied these allegations and in a declaration in set-off, in two counts, alleged the plaintiffs owe him a balance of $2,694.69 for material and labor. These allegations the plaintiffs denied. There was a finding for the plaintiffs on all counts and also for them on the declaration in set-off. The report was claimed by the defendant.

It appears the plaintiffs owned and operated a tavern-inn in Wilkinsonville, in a two-story building owned by them. In June of 1961 a fire caused extensive damage to the premises. In August the plaintiffs and the defendant entered into an oral agreement whereby the defendant agreed to furnish labor and material to restore the damaged parts of the building

for which the plaintiffs agreed to pay him $16,000.00. On October 6, 1961, while the work was in progress, the agreement of the parties was embodied in a written contract and signed by the parties. In December of 1961 a dispute arose as to the quality of the work and delay in its completion. The court found the defendant then stopped work without cause or justification.

The report does not disclose the defendant took objection to the plaintiffs declaring in three counts their allegations of a breach of a single written contract. It was tried and reported on that premise, so we treat it accordingly.

After a hearing on the defendant's motion for a new trial, which was denied, the trial judge made detailed findings of fact. We summarize them as to each count.

In Count 1 the plaintiffs allege the defendant neglected and refused to complete the work he agreed to perform under the contract. The trial judge found this to be true and awarded damages in the amount of $484.00.

In Count 2 the plaintiffs alleged the defendant did not install the "aluminum siding" in a good and workmanlike manner as called for by the contract. The trial judge found this allegation established and further found, because of the defendant's faulty work, it would be necessary to remove all of it and replace it with new siding. On this count he awarded damages in the amount of $4200.00.

In Count 3 the plaintiffs allege they purchased and paid for certain materials which were to be furnished and installed by the defendant under the terms of the contract. The trial judge found this to be true and awarded damages in the amount of $517.88.

He found for the defendant in the declaration in set-off.

All the findings, we find, except damages, were justified on the evidence.

[■] The defendant, disappointed by these adverse findings, seeks, as is so many times attempted, to have us reverse them. This we cannot do.

"It is a general rule that a trial judge's general and special findings are to stand if warranted upon any possible view of the evidence". *M. DeMatteo Construction Co. v. Commonwealth,* 33 8Mass. 568, 572; *Moss v. Old Colony Tr. Co.,* 246 Mass. 139, 143-144.

"Findings of fact as such are not reviewable by the Appellate Division and on appeal are not open" in the Supreme Judicial Court. *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150, 152; *Barttro v. Watertown Square Theater, Inc.,* 309 Mass. 223, 224; *Adamaitas v. Metropolitan L. Ins. Co.,* 295 Mass. 215, 221.

Except for his assessment of damages, discussed later, we find no error in the judge's findings and his disposition of the defendant's request for rulings of law touching these subjects.

■ The defendant also claims error to the ruling of the trial judge excluding evidence tending to show the terms of the oral agreement. An offer of proof was made. This issue is not properly before us and should not have been made part of the report. The defendant failed to comply with G. L. (Ter. Ed.) c. 231, §108, and Rule 27 of the Rules of the District Courts (1952, as amended) which require a party claiming to be aggrieved by such a ruling to reduce it to writing and file it with the clerk within five days after the hearing of all of the evidence. This was not done and his failure to do so is fatal to his right to be heard. *Gibbons v. Denoncourt,* 297 Mass. 448, 454-455; *Okin v. Sullivan,* 307 Mass. 227, 228. And the defendant derives no aid or comfort by his assertion that the trial judge announced during the trial that he was making a note of the defendant's claim of report to this ruling. The duty to make a reasonable effort to perfect his rights in the manner prescribed by the statute and the rule rests exclusively on the defendant. *Hackney v. Butler,* 339 Mass. 605, 609; *Higgins v. First National Stores, Inc.,* 340 Mass. 618, 620; *Mitchell v. Lituri,* 344 Mass. 253, 254.

■ We have, nonetheless, examined this claim of error and find none. The recitals in the written agreement clearly indicate it purported to contain the entire terms of the oral agreement and that thereafter it would control the obligations of the parties. It was

not ambiguous and the trial judge found there were no subsequent modifications, changes or waivers of its terms. In such a case parol evidence tending to contradict or vary the terms and conditions of a written contract are inadmissible. *Kerwin v. Donaghy,* 317 Mass. 559, 567-568. Massachusetts Practice Series 19, Hughes on Evidence, §§421-424.

█ There was error in assessing damages to which issue one of the defendant's requests for a ruling of law directed the judge's attention. It was intended the plaintiffs would pay $16,000.00 for the restoration work. But they only paid $15,000.00.

The recent case of *Concannon v. Galanti,* 1964 AS 1205, similar on its facts to the one under consideration, sets out the rule of damages. At page 1207, the court said: "The (plaintiffs) were entitled to damages sufficient to put them in as good a position as if there had been no breach and the contract had been completed" and quoting the rule as stated by Professor Williston said: "Where the contractor fails to keep his agreement, the measure of the empolyer's damages . . . . is always the sum which will put him in as good a position as if the contract had been performed. If the defect is remediable from a practical standpoint, recovery generally will be based on the market price of completing or correcting the performance . . . ."[1]

---

[1] Where it is not practical to remedy the defects, with which we are not concerned on this report,

Applying this rule to the present case the plaintiff's recovery on Count 2 must be reduced by $1000.00. Otherwise they would receive work performed of the value of $16,000.00 for the payment of $15,000.00. As said at page 1208 of the *Concannon case* they "should not be paid more than the full equivalent of their bargain".

The damages assessed on Count 2 shall be reduced from $4200.00 to $3200.00. The other findings shall stand. With the entry of this modification the report is to be ordered dismissed.

Stephen A. Kelleher, of Worcester, for the Plaintiffs.

Donald Kurzon, of Whitinsville, for the Defendant.