DAVID A. BROWN & another[1] vs. MICHAEL J. QUINN, trustee.[2]

Middlesex. December 4, 1989. - February 14, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil*, Appellate Division: appeal, report; Judgment.

The failure of a party to preserve his rights on appeal by filing a petition to establish a draft report or by taking other action under Dist. Mun. Cts. R. Civ. P. 64 to preserve the viability of the appeal required dismissal of the appeal, despite a District Court clerk's failure to send notice to the parties that the three-month period for petitioning for establishment of a draft report was to expire within fourteen days as required by Dist. Mun. Cts. R. Civ. P. 64 (c) (5). [643-645]

A party to a civil action in a District Court was estopped from asserting that, since judgment never entered, his own appeal was premature. [645-646]

CIVIL ACTION commenced in the Natick Division of the District Court Department on June 20, 1985.

The case was heard by *Joseph D. Clancy*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Dana L. Mason* for the defendant.

*Alan H. Aaron* for the plaintiffs.

ABRAMS, J. We granted the defendant's application for further appellate review, see Brown v. *Quinn*, 27 Mass. App. Ct. 288 (1989), to examine the propriety of the dismissal of a draft report pursuant to Dist. Mun. Cts. R. Civ. P. 64 (c) (5) (1989). The rule provides for dismissal of a draft report if no action has been taken on it within three months of its

---

[1]Susan E. Brown.

[2]Of Coachman Realty Trust and individually. We shall refer to a single defendant.

filing.[3] We agree with the Appeals Court that there was no error in the order of the Appellate Division dismissing the report.

The plaintiffs brought this action, alleging breach of contract and violations of G. L. c. 93A, in the Natick Division of the District Court Department. After trial, the District Court judge found for the plaintiffs and awarded damages. A notation on the trial court docket indicates "Entry of judg & finding Findings (mailed 1/17/86)." After the denial of the defendant's motions to amend the judge's findings and judgment and for a new trial, the defendant timely filed a draft report pursuant to Dist. Mun. Cts. R. Civ. P. 64, on October 1, 1986. The court clerk never sent the requisite notice to the parties that the three-month period for the allowance of a draft report was to expire within fourteen days. Counsel never filed a petition to establish a report and did not ask the Appellate Division for further time.

The draft report was allowed by the judge on July 1, 1987, nine months after it was filed. The case proceeded to the Appellate Division, which ordered the report dismissed pursuant to Dist. Mun. Cts. R. Civ. P. 64 (c) (5). The opinion of the Appellate Division notes: "Neither a request for an extension of time for draft report settlement, nor a petition to establish a draft report was submitted by the defendant to preserve the viability of his appeal." The defendant appealed to the Appeals Court, which affirmed the dismissal of the report.

The defendant argues that the Appellate Division erred in dismissing the tardily-settled draft report, because the District Court clerk failed to send timely notice, as was required by Dist. Mun. Cts. R. Civ. P. 64 (c) (5) (see note 3, *supra*),

---

[3]Rule 64 (c) (5) of the District/Municipal Courts Rules of Civil Procedure provides, in relevant part: "If final action by the trial judge upon any draft report . . . is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report has been made, unless the appellate division for cause shown shall allow further time. Notice under this rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months . . . expires."

that the three-month period was to expire within fourteen days. He also contends that judgment never entered, and that the appeal is, therefore, premature.

1. *The propriety of dismissal of the report.* The defendant argues that it is "unduly harsh" to hold him "accountable for his one procedural misstep" in not taking action to establish the report, because the court clerk failed to provide the parties with the notice required by the rule. We disagree. The defendant's counsel was not absolved of his procedural responsibilities by the clerk's error.

The provision in rule 64 (c) (5) that the "cause shall proceed as though no request for report had been made" if the judge has not taken action on the report is not contingent on the clerk's sending notice. The two provisions are separate and independent. The notice provision is merely for the convenience of litigants and does not relieve the parties of their procedural obligations or otherwise affect their rights. See *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 30 (1941); *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, 127 (1928). Nothing in the rule indicates that the expiration of the period in which to establish a report is tolled by the clerk's failure to comply with the rule's notice requirement. See *Sullivan* v. *Jordan*, 310 Mass. 12, 15 (1941).

Despite the clerk's omission, the defendant's failure to preserve his rights on appeal by filing a petition to establish the report or by taking other action is a " 'serious misstep,' not a 'relatively innocuous one,' the appropriate . . . penalty for which is presumptively dismissal of the appeal." *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978), quoting *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79 (1975). See *Cape Cod Bank & Trust Co.* v. *LeTendre*, 384 Mass. 481, 484 (1981) (question whether failure to adhere to the provisions of Dist. Mun. Cts. R. Civ. P. 64 warrants dismissal is to be considered in light of factors enunciated in *Schulte*).[4] In *Schulte*, we singled out as an example of a "se-

---

[4]See, for examples of "innocuous" procedural mistakes, *Simpson* v. *Director of the Div. of Employment Sec.*, 391 Mass. 403 (1984) (late ser-

rious misstep" the attempt to institute an appeal after "expiration of the period limited by a statute or rule." *Id.* The defendant's failure to take any action for a period fully three times the prescribed time limit is similarly serious. The record does not reflect any effort by the defendant to seek a hearing on the draft report or to monitor its progress during the three-month period in which final action should have been taken. It is the obligation of counsel, not of the clerk, to monitor the progress of their cases. *Hackney* v. *Butler*, 339 Mass. 605, 609 (1959). Counsel's reliance on the clerk in this case was an "abdication of continuing responsibility," and does not excuse his failure to preserve the rights of his client. *Id.* Cf. *Mitchell* v. *Lituri*, 344 Mass. 253, 254 (1962).

Our cases and Federal cases make it clear that it is the responsibility of the bar, not the court staff, to attend to the progress of pending matters. See, e.g., *Locke* v. *Slater*, 387 Mass. 682 (1982) (clerk's failure to comply with Dist. Mun. Cts. R. Civ. P. 77 [d] notice requirement did not extend time for filing a request for a report beyond the maximum period provided by Dist. Mun. Cts. R. Civ. P. 64 [c] [1]); *L.Z.* v. *Parrish*, 733 F.2d 585 (8th Cir. 1984) (clerk's failure to provide notice of entry of judgment did not excuse untimely appeal when counsel made no effort to ascertain status of case for seventy-seven days following receipt of memorandum opinion); *Jones* v. *Estelle*, 693 F.2d 547 (5th Cir. 1982), cert. denied, 460 U.S. 1072 (1983) (circuit court had no jurisdiction to hear appeal filed thirteen months after entry of judgment, regardless of whether clerk provided notice of entry of judgment). See also *Stevens* v. *ITT Syss., Inc.*, 868 F.2d 1040 (9th Cir. 1989); *Spika* v. *Village of Lombard,*

_____

vice); *Pierce* v. *Board of Appeals of Carver*, 369 Mass. 804 (1976) (same); *Gilmore* v. *Gilmore*, 369 Mass. 598 (1976) (failure to designate record and failure to assemble record on appeal in timely fashion, when failure not attributable to appellant's error). See, for examples of "serious" procedural error, *McCarthy* v. *O'Connor*, 398 Mass. 193 (1986) (failure to order official transcript); *Doten* v. *Doten*, 395 Mass. 135 (1985) (same); *Dorrance* v. *Zoning Bd. of Appeal of N. Attleborough*, 7 Mass. App. Ct. 932 (1979) (failure to assemble record on appeal, when failure attributable to appellant's inaction).

*Ill.*, 763 F.2d 282 (7th Cir. 1985), cert. denied, 474 U.S. 1056 (1986); *Wilson* v. *Atwood Group*, 725 F.2d 255 (5th Cir.), cert. dismissed sub nom. *Stark* v. *Atwood Group*, 468 U.S. 1222 (1984). Cf. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613 (1981). "All litigants are better served if the time in which certain actions are required has some meaning. Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings." *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 726 (1983).[5]

The defendant's delay cannot be characterized as excusable neglect simply because the clerk also failed to perform the duties required by the rule. An appellant cannot claim excusable neglect simply because a clerk has committed an error. *Hawkins* v. *Hawkins*, 397 Mass. 401, 408 (1986). "Excusable neglect calls for unique or extraordinary circumstances. . . . The concept of excusable neglect does not embrace '[a] flat mistake of counsel about the meaning of a statute or rule' or other 'garden-variety oversight[s]' " (citations omitted). *Mailer* v. *Mailer*, 387 Mass. 401, 406 (1982).[6]

2. *Judgment.* The defendant contends that judgment never entered and that the appeal is, therefore, premature. We do not reach this issue because we conclude that, in the circumstances of this case, the defendant is estopped from asserting that his own appeal is premature.

---

[5]The plaintiffs' counsel also contended at oral argument that the defendant failed to comply with Dist. Mun. Cts. R. Civ. P. 64 (c) (3), because he did not mail a copy of the draft report to the trial judge but merely delivered the draft report to the clerk. The record before us does not indicate that the plaintiffs raised this issue at any prior stage in the proceedings. Therefore, it was not timely raised and we do not reach it. If it could be established that the defendant erred in this manner, it simply would add weight to our conclusion that his other procedural error was fatal to his appeal.

[6]Although we affirm the order of the Appellate Division, we shall ask the District Court to revise its rules and simplify its Appellate Division procedures within a reasonable time.

Both parties operated below under the assumption that the judge's findings and award of damages was a final judgment. The defendant made various postjudgment motions and subsequently filed a draft report in which he assumed that judgment had entered. He never argued that his appeal was premature until he reached the Appeals Court. Thus his current posture is inconsistent with his position below. In such circumstances, litigants are estopped from reversing their earlier positions. *Elfman* v. *Glaser*, 313 Mass. 370, 376 (1943); *Patriot Cinemas, Inc.* v. *General Cinema Corp.*, 834 F.2d 208 (1st Cir. 1987). See *Davis* v. *Wakelee*, 156 U.S. 680, 689 (1895) ("where a party assumes a certain position in a legal proceeding . . . he may not thereafter . . . assume a contrary position"); *Orleans Educ. Ass'n* v. *School Dist. of Orleans*, 193 Neb. 675, 678 (1975) ("A party who has taken a position with regard to procedure, which has been acted or relied upon by his adversary or the court, is estopped from taking an inconsistent position respecting the same matter in the same proceeding to his adversary's prejudice"). Cf. *Gordon* v. *Lewitsky*, 333 Mass. 379, 381 (1955).

In *Lewis* v. *Emerson*, 391 Mass. 517, 520 (1984), we concluded that "rigid" application of the rules concerning entry of judgment would waste judicial resources. In the circumstances of this case, estoppel prevents just such a waste of judicial resources and "protect[s] the integrity of the courts." *Patriot Cinemas, Inc.*, *supra* at 214. The defendant is estopped from discrediting his own appeal.

*Order of the Appellate Division affirmed.*