Welsh, J.
This is a civil action in which purchasers of a townhouse on Nantucket seek relief by way of money damages against a former trustee of a realty trust which had conveyed the property to a predecessor in title of the plaintiff.
The gist of the action is that the contractor who had been retained to install the septic system in 1974 or 1975 (described in the report as an “independent contractor”), improperly installed all or a portion of the septic system on an adjoining parcel of land, the present owners of which had demanded and obtained the removal of the encroaching septic system, causing the plaintiffs to incur substantial expense in the reconstructing and relocation of the septic system.
The plaintiffs advance several theories in support of their claims for relief.[2] The first is that the defendant fraudulently concealed a material fact, i.e. the mislocation of the septic system which serviced plaintiffs’ unit. The second is in negligence in the planning, supervision or installation of the system. Thirdly, breach of contract. Fourth, a violation of G.L.c. 93A
The answer denied the material allegations of the complaint and asserted that no contract or business relationship ever existed between the plaintiffs and the defendant, and that no representations of any sort were ever made to the plaintiffs by the defendant, or that any legal duty ever existed, the breach of which might afford relief by way of damages. Further answering, the defendant asserts that the statute of limitations and especially, the Statute of Repose for claims arising out of the construction of improvements to real estate, bar the instant action.
The judge in the trial court allowed defendant’s motion for summary judgment and dismissed the complaint. We conclude that appellant failed diligently to prosecute the appeal and order that the report be dismissed.
The undisputed facts as evidenced by the material submitted by the parties to the motion judge agreeable to Rule 56 of Mass. R. Civ. P. are as follows:
In January of 1984, plaintiffs (who are husband and wife) purchased a townhouse at 573 Cambridge Street, Nantucket. The townhouse and its appurtenant septic system were constructed in 1974 or 1975 by a private contractor who is not party to this action. The land on which the townhouse was built was then owned by Madaket Realty Trust, of which the defendant was a trustee. The townhouse was conveyed by Madaket Realty Trust in May of 1975 to the plaintiffs’ predecessor in tide. There was a mesne conveyance of the property. The grantee in turn conveyed *41 to the plaintiffs. In answers to interrogatories, plaintiffs admit that they never had any contract or any business relationship with the defendant at any time. The defendant has had no legal, beneficial or other interest in the property the plaintiffs purchased since he conveyed the same as trustee of Madaket to the predecessors in title of the plaintiff in May of 1975.
The plaintiffs assert they first became aware that the septic system which serviced their unit was built on land other than their own on May 14,1990. At the time of construction of the townhouse and the appurtenant septic system, the land on which the septic was constructed was owned by Tristam’s Landing, Inc. The lot was conveyed by Tristam’s Landing, Inc. to the defendant in 1978.
The defendant deeded the property to Madaket Realty, Inc., a different entity from Madaket Realty Trust, in 1981. Madaket Realty, Inc. conveyed the land to Oakland Realty Trust in 1989. The trustee of Oakland demanded the removal of the septic system by the plaintiffs and their neighbors. The removal and installation of the new system took place in May, 1991. The instant action was commenced on May 16,1991.
A motion to dismiss appeal was filed by the defendant-appellee. The docket shows that judgment entered dismissing the complaint on December 11, 1992. The appellant timely flied a request for report and draft report on December 21, 1992. On February 3,1993, the judge conducted a hearing on the draft report and directed the appellant to submit a revised draft report with certain changes. On March 1, 1993, a revised draft report was filed, to which the defendant-appellee also took exception. That draft report languished with no action by the appellant. On September 30,1993, a further hearing was held by the court. This hearing was initiated by appellee’s counsel to move matters to a conclusion. The judge directed a further revision of the draft report. On October 22,1993, the judge allowed the third draft report. On November 5, 1993, appellant’s motion for an extension of time to file brief was allowed. Briefs were filed and the clerk forwarded the papers required by Rule 64(f), Dist./Mun. Cts. R. Civ. R to the appellate division.
Rule 64(g), Dist./Mun. Cts. R. Civ P. provides that if a party whose request for report has been allowed or established fails to prosecute the same promptly by preparing the necessary papers or otherwise, the appellate division may order the cause to proceed as though no such claim had been made. Double costs may be imposed as a further sanction. We perceive no abuse of discretion on the part of the motion judge in allowing additional time for filing of briefs after allowance of the report. Cf. Stenberg v. Frost, 45 Mass. App. Dec. 193, 196.
Rule 64(c) (5), Dist./Mun. Cts. R. Civ. P. provides that if final action by the trial judge upon a draft report is not taken within three months after the filing thereof, the cause shall proceed as though no report had been requested. The required course of action would be for the party seeking to appeal either to make a motion in the appellate division for cause shown to obtain an extension of the three months or to file a petition to establish report within the three months to prevent a forfeiture of the right to appeal. MARC PERLIN AND JOHN M. CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT (Second Edition, 1990) §12.16 n. 69. In this case the motion judge did allow a revised report after the expiration of over nine months after judgment.
In Brown v. Quinn, 406 Mass. 641 (1990), the Supreme Judicial Court concurred with the determination made by the Appeals Court that failure by the clerk’s office to send notice to the parties fourteen days before the elapse of three months following the filing of a draft report did not absolve the appellant’s failure to preserve his rights by either filing for an extension in the Appellate Division or filing a petition to establish his draft report. Id. at 643. In the Brown case, the trial judge allowed a draft report some nine months after it was filed. In the instant case, the initial draft report was filed on December 21,1992. In Brown, the appellant’s argument that dismissal was unduly harsh was rejected by the court. The court held *42 that appellant’s failure to preserve his rights by filing a petition to establish his draft report or to take some other action such as a timely motion to extend the time was a serious misstep warranting dismissal of the appeal. Id. at 643-644. The court observed that it is the obligation of the litigants and not that of the court to monitor the progress of their cases. The plaintiff-appellant’s initial revised draft report was filed on March 1, 1993. There was no activity on the docket until the hearing on September 30,1993, which resulted in yet another revision of the draft report which was finally allowed on October 22,1993. We determine that the delay was inexcusable and fatal to this appeal.
Apart from the procedural faux pas which we deem to be sufficiently egregious to warrant dismissal of the appeal, we observe that the appeal is lacking in merit. There is no violation of G.L.c. 93A, §2 on the record before us. ‘To violate c. 93A, §2, the acts or practices complained of must be ’perpetrated in a business context.’ Lantner v. Carson, 374 Mass. 606, 611 (1978). No commercial relationship ever existed between the parties; their only contact occurred in the context of this litigation. ...” Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass. App. Ct. 734, 743 (1994). The parties had no business relationship nor did any contract between the defendant and some remote predecessor in the title to the plaintiffs or other circumstances evidence any intent to benefit future owners or otherwise inure to the benefits of the plaintiffs so as to entitle them to bring such an action. Compare Rae v. Air-Speed, Inc., 386 Mass. 187, 193-196 (1982) RESTATEMENT (SECOND) CONTRACTS, §302(1) (a). There was no mention of future owners or any indication they were intended to have any contract rights.[3] Negligence of itself does not constitute a violation of G.L.c. 93A, §2, absent an additional element of unfairness. Glickman v. Brown, 21 Mass. App. Ct. 229, 234-235 (1985).
Although the location of the septic system was of its very nature concealed, there was no evidence submitted in regard to the motion for summary judgment that the concealment was intentional. Finally, since nearly 17 years passed between (he installation of the septic system and the institution of the present action, the claim is time-barred by virtue of G.L.c. 260, §2B. Klein v. Catalano, 386 Mass. 701 (1982). Since more than six years had passed, the statute of repose provisions apply, and the distinction between the accrual of a cause of action for a latent and “inherently unknowable” defect and a cause accruing at the time of injury is inapposite. Tindol v. Boston Housing Authority, 396 Mass. 515, 517-518 (1986). Compare White v. Peabody Construction Co., Inc., 386 Mass. 121, 129 (1982).
The report is dismissed.
So ordered.

Of course, the Rules of Civil Procedure do not require the statement of a theory of recovery, so long as facts are alleged which give fair notice of the basis for entitlement for relief. Conley v. Gibson, 355 U.S. 41, 4546 (1953).

Ihere is an excellent discussion of the liability of a builder to a condominium owner for defective work by a Superior Court judge in the case of Campanile v. Suffolk Construction Co., Inc., 22 M.L.W. 1167.