Fremont-Smith, J.
The plaintiff, Claire M. Fay, brought this action to enjoin the sale of property located at 10 Prentiss Street (hereinafter “10 Prentiss Street”) Cambridge, Massachusetts, by the defendant, the Federal National Mortgage Association (hereinafter “Fannie Mae”). Fannie Mae has counterclaimed, seeking to enjoin Ms. Fay from interfering with the sale of 10 Prentiss Street pursuant to its right of foreclosure on a mortgage held on the property. Fannie Mae also seeks either *605 specific performance or damages based on Fay’s purchase of 10 Prentiss Street at a previous foreclosure sale held on January 29, 1993. Now before the court is Fannie Mae’s motion for partial summary judgment, seeking the dismissal of Ms. Fay’s complaint and the issuance of an injunction ordering Ms. Fay not to interfere with Fannie Mae’s foreclosure sale of the property. For the following reasons, defendant’s motion is allowed.
BACKGROUND
The convoluted background of this case is succinctly stated in a July 30, 1993 decision by the court (Bohn, J.), and is incorporated herein as follows:
On February 28, 1981 Claire Fay established a trust to benefit her two sons, Timothy and James Daniel Fay, with Edward Silva, a friend of Ms. Fay, named as trustee. Included in this trust (hereinafter, the “original trust”) was property known as 10 Prentiss Street, Cambridge, MA. The trust was properly recorded on the same date.
In addition to the trust, an agreement (the “Agreement") was signed giving Ms. Fay the authority to direct the trustee in the management of the trust. This agreement, however, was never recorded.
During January 1983, the property at issue in this case, 10 Prentiss Street, was allegedly conveyed by Mr. Silva, as trustee, to one Richard Lenza. On January 18, 1983, following the conveyance, Mr. Lenza borrowed some $50,000.00 from the Century Bank and Trust Co. He secured the loan with a mortgage on the Prentiss Street property. That mortgage is now held by Fannie Mae, Federal National Mortgage Association.
In 1988, Lenza transferred 10 Prentiss Street to himself as Trustee of a new trust designated the “Prentiss Street Trust.” Soon thereafter, Lenza appointed James Daniel Fay trustee of the Prentiss Street Trust and then resigned.
On June 30, 1989, Mr. Silva, as trustee of the original trust, filed suit in Middlesex County Superior Court (Civil Action #89-4345) seeking to invalidate the conveyances of 10 Prentiss Street from him to Lenza, alleging in his complaint that his signature, appearing on the deed, was forged. The suit named James Daniel Fay, Richard Lenza and several junior mortgage holders as defendants.[3] The complaint was not brought against Fannie Mae which, at the time, was senior mortgage holder.
During the course of the litigation in Civil No. 89-4345, a settlement was proposed. Mr. Silva, however, did not agree to its contents. For that reason, Timothy Fay and James Daniel Fay, as beneficiaries of the 1983 trust, removed Mr. Silva and named themselves as co-trustees. Thus, in effect, James Daniel Fay became the plaintiff in a suit in which he was already a defendant and, as such, settled the case against himself.
During the course of the Middlesex case, Ms. Claire Fay commenced action against the same parties, plus Timothy Fay, in Bristol County Superior Court (Civil Action #90-2239). In that case, Fay alleged that the proceedings and settlement in Middlesex Superior No. 89-4345 represented a breach of the unrecorded agreement executed at the time the original trust was recorded. The plaintiff asserted that because the mortgages and settlement were entered into without her consent, her rights under the Agreement were violated. Fannie Mae, the defendant herein, was again excluded from this litigation.
During the course of the Bristol County litigation, the defendant mortgage holders were granted summary judgment. In doing so, the Court (Xifaras, J.) indicated that although the Agreement gave Ms. Fay standing to sue, the mortgagees could not be held in violation of an unrecorded agreement to which they were not a party. The remaining defendants were found to be not liable by a jury on May 18, 1993.
The case now before this court (Civil Action #93-659) was commenced on February 2, 1993, by Ms. Fay in an attempt to prevent foreclosure by Fannie Mae on the property at 10 Prentiss Street, Cambridge. Prior to this proceeding, Fannie Mae had held a foreclosure auction, and Ms. Fay was the highest bidder. When the bids closed, however, Ms. Fay announced that she did not actually intend to purchase the premises but, rather, had bid high in order to prevent the sale of the property to a third person who might not be aware, as she has alleged, that the transfer of the premises from Silva to Lenza was accomplished by a forged document.
On March 16, 1993, the defendants filed a motion for summary judgment with a supporting memorandum. In their motion, the defendants claimed that plaintiff lacked standing to initiate this suit as she had neither a beneficial nor a legal interest in the trust or the properties it owns. Additionally, the defendants claimed Ms. Fay is collaterally estopped from suing Fannie Mae under the Agreement based on the Bristol County case. Finally, the defendants argued that the plaintiff, by her action in bidding at the auction, had ratified the conveyance of property to Mr. Lenza and his mortgage to Fannie Mae, and, therefore, could no longer claim that transfer of title to him was invalid. The court (Bohn, J.) denied Fannie Mae’s motion on the grounds that Ms. Fay did have standing and there existed a genuine issue of material fact on the question of whether Ms. Fay, by her behavior, had ratified the Silva-Lenza transfer.
In 1993, Ms. Fay became embroiled in a further lawsuit with a tenant at 10 Prentiss Street. In that suit, Alan Haley v. Clair M. Fay, Middlesex Superior Court Civil, Civil Action No. 93-3134-E, Ms. Fay filed, pro se, a “Motion to Prove Ownership of Premises at 10 Pren-tiss Street,” and submitted various documents purporting to show that the Prentiss Street Trust was *606 indeed the legal owner of 10 Prentiss Street. Ms. Fay also presented a schedule of beneficiaries of the Pren-tiss Street Trust which listed Ms. Fay as a 51% beneficiary under the Trust. In this 1993 suit, Ms. Fay claimed that it is this beneficial interest which gave her ownership rights over 10 Prentiss Street. The court (Butler, J.) denied the motion without prejudice.
The case of Haley v. Fay was then tried without a jury and judgment was entered against Fay on September 14, 1993; In the decision, the Court (Butler, J.) found that Fay had attempted, in 1993, to establish her residence at 10 Prentiss Street in order to claim 10 Prentiss Street as an “owner-occupied" building under the local rent contract regulations, but that this attempt had failed when the Cambridge Rent Control Board denied Ms. Fay’s application, concluding that she neither owned nor occupied 10 Prentiss Street. The Court enjoined Fay from interfering with the tenant’s occupancy of the building “unless or until [she] can prove she is the owner of the premises.”
Ms. Fay, in deposition testimony in this and in the other cases, admits that she has made contradictory allegations with regard to the ownership of 10 Prentiss Street. She testifies that, for purposes of Rent Control and the Haley v. Fay matter, the Prentiss Street Trust is the owner of 10 Prentiss Street. For purposes of the case at bar, however, Fay contends, under oath, that the deed conveying 10 Prentiss Street from Silva (as Trustee of T.J. Realty Trust) to Lenza was a forgery and therefore she still has a legally enforceable interest in the property through the February 28, 1981 Agreement. In essence, Ms. Fay has represented to this Court, in separate proceedings, two mutually exclusive factual claims.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial and mandates the award of summary judgment.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Fannie Mae asserts that Ms. Fay should be es-topped under the doctrine of judicial estoppel from denying that the Prentiss Street Trust is the owner, through Lenza, of 10 Prentiss Street.
While no Massachusetts appellate court has explicitly adopted the “doctrine of judicial estoppel” as such, the Court in Brown v. Quinn, 406 Mass. 641 (1990), held that a litigant was estopped from reversing his position on an issue he had asserted below. Id. at 646. In Larson v. Larson, 30 Mass.App.Ct. 418 (1991), the Appeals Court noted that judicial estoppel “seems to be recognized in Massachusetts,” and stated that the term judicial estoppel “appears to describe the doctrine that a party who has maintained one position in a legal proceeding may not, in a subsequent proceeding between the same parties, assume a contrary or inconsistent position, at least when the prior position has been acted or relied upon by an adverse party.” Id. at 427.
In tentatively adopting the doctrine of judicial es-toppel, the Brown court quoted with approval the following language in Orleans Educ. Ass'n v. School Dist. of Orleans, 193 Neb. 675, 678 (1975): “A party who has taken a position with regard to procedure, which has been acted or relied upon by his adversary or the court, is estopped from taking an inconsistent position respecting the same ...”
In referring to the doctrine of judicial estoppel, the Supreme Judicial Court in Brown, supra, also cited Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208 (1987), where the court noted that, while the specific requirements of judicial estoppel are vague, it “should be employed when a litigant is ‘playing fast and loose with the courts,’ and when ‘intentional self-contradiction is being used as a measure of obtaining unfair advantage in a forum provided for suitors seeking justice.’ ”
While the doctrine of judicial estoppel has not been fully defined in Massachusetts, in Correia v. DeSimone, 34 Mass.App.Ct. 601 (1993), the court stated that “[t]he primary concern of the doctrine of judicial estoppel is to protect the integrity of the judicial process.” Id. at 604, quoting United States v. Levasseur, 845 F.2d 786, 792 (1st Cir. 1988).
Considering the rationale of the rule, i.e. preservation of the integrity of the judicial process by preventing a party from playing “fast and loose with the courts,” this court concludes that Ms. Fay is estopped, by her prior representations and submissions to the Massachusetts courts, from now denying that the Prentiss Street Trust is the owner of 10 Prentiss Street through a valid deed conveyed by Silva, Trustee of the T.J. Realty Trust, to Lenza.
Although the plaintiff is correct in pointing out that Mass.R.Civ.P. 8(e)(2) permits a party to assert inconsistent theories and remedies, that rule applies to pleadings, i.e. the setting forth of alternative claims or defenses. It should not be construed to condone the type of conduct here, i.e. a party’s assertions, under oath, of not only inconsistent but totally contradictory factual positions in different proceedings, depending upon differences in the party’s perceived self-interest in particular circumstances. Here the legality of the Silva connivance to Lenza was raised in Civil Action *607 No. 89-4345 but never decided because the case was settled through the connivance of Ms. Fay’s sons (see p.3, supra). It was raised again in Civil Action No. 93-3143-E, where the court decided the issue against Ms. Fay “without prejudice” and then entered an injunction against Ms. Fay, thereby as a practical matter, deciding the issue against her again, albeit without prejudice. Now, in this case, following her purported purchase of the property through Fannie Mae’s claim of title at a foreclosure auction where Fannie Mae relied on her actions by closing the bidding, Ms. Fay then refused to purchase the property, asserting a position directly contrary to what she had just asserted in No. 93-3143-E. We believe the above course of conduct demonstrates that plaintiff has been “playing fast and loose” with the Superior Court and with the related foreclosure proceedings described above, and should not be permitted to continue to do so.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED and the plaintiffs complaint is dismissed with prejudice. Claire M. Fay, her agents, servants, employees and all other persons in concert with her are hereby PERMANENTLY ENJOINED from interfering with or impeding Federal National Mortgage Association in foreclosing on and selling the premises located at 10 Prentiss Street, Cambridge.

 Those defendants included New England Federal Savings Bank, Triad Finance Corp., Cambridgeport Savings Bank and Harbor Funding Corporation.