Coven, J.
This is an action to recover for breach of contract breach of express and implied warranties, fraud and G.Lc. 93A unfair and deceptive acts in connection with the defendants’ sale of a defective used car to the plaintiff The defendants were defaulted, and treble damages were assessed after hearing. The defendants have appealed the denial of their motion to vacate the default judgment and remove the default The plaintiff has appealed the denial of his motion to dismiss the defendants’ appeal for their non-compliance with applicable procedural rules.
Plaintiff Steven Godfrey (“Godfrey”) purchased a used vehicle from defendant Woburn Foreign Motors (“WFM”) through its employee, defendant David Van Allen (“Van Allen”). Godfrey encountered numerous problems with the vehicle,[2] was denied relief by WFM, and filed this action. As noted, the defendants were defaulted. After hearing, G.L.c. 93A treble damages were assessed against WFM in the sum of $52,631.94. Of that amount, $20,565.94 in damages were assessed *82 against Van Allen on the fraud count, with liability specified as joint and several with WFM. The defendants, jointly represented, filed a motion to vacate judgment, which was denied.
The defendants filed a notice of appeal on July 13, 1999. As of July 21, 2000, more than a year later, the defendants had not yet filed an Appeal on the Record of Proceedings designating their selection of a Rule 8C method of appeal. Nor had they even delivered the trial cassette tapes to a transcriber. The plaintiff filed a motion for dismissal of the defendants’ appeal, which was scheduled for hearing on August 3,2000. On the day of hearing of the dismissal motion, almost thirteen months after submitting their notice of appeal, the defendants filed a motion to enlarge the time to file their Appeal on the Record of Proceedings. On August 28, 2000, the trial court allowed the defendants’ motion and denied the plaintiffs motion to dismiss.[3]
While the defendants’ motion addressed only their failure to file a timely Rule 8C designation, Godfrey’s motion included other instances of the defendants’ procedural non-compliance and the pattern of delay which characterized their approach to their appeal from its inception. To place Godfrey’s argument in context, it is necessary to review the relevant post-judgment procedural history. The defendants’ motion to vacate the default judgment and remove the default was denied on July 6,1999. On July 13, 1999, the defendants filed a notice of appeal which contained a request that the trial court clerk order cassette copies of the audio recordings of the hearings on the assessment of damages and motion to remove the default However, the defendants did not submit to the clerk the separate, designated form for the cassette tape order expressly required by Rules 3(c)(5) and 8C(b), nor tender payment for the tape order until September 23, 1999.
In the beginning of February, 2000, almost five months after that, Godfrey’s counsel contacted the clerk’s office and inquired about the status of the defendants’ tape request She was informed that the tapes were in the clerk’s office, had in fact been available since November 3, 1999 and that defendants’ counsel had been informed of their availability at that time. Godfrey’s counsel contacted defendants’ counsel who, in turn, asked the clerk’s office to mail the tapes to him. On February 29, 1999, once again prompted by a call from Godfrey’s counsel and obviously motivated by Godfrey’s contemporaneous filing of a motion to dismiss the defendants’ appeal, defendants’ counsel contacted the clerk’s office and was informed that it was his obligation to pick up the tapes and to pay an additional fee resulting from the number of tapes produced. Three days after this call, on March 2,2000, counsel finally collected the tapes.
An agreement between counsel for both parties was then reached on March 23, 2000 to have defendants’ counsel’s law firm do the transcription. However, on April 6, 2000, defendants’ counsel informed Godfrey’s counsel that his law firm’s equipment was incompatible with the tapes he had received. As specifically acknowledged by defendants’ counsel, Godfrey’s attorneys took no position at that late date on who should transcribe the proceedings, but made it clear that “they wanted them done.” Preliminary arrangements were made by *83 defendants’ counsel's secretary to have the tapes sent to a transcriber. Before the tapes were sent, however, the secretary took an unexpected leave of absence from the firm to care for her terminally ill husband. It was not until her return in June, 2000 that counsel learned that the tapes had not been forwarded to the transcriber.
Godfrey filed his second motion to dismiss on July 21,2000. On July 27,2000, defendants’ counsel finally delivered the tapes to a transcriber. On August 1, 2000, counsel was informed that the long-awaited transcription could be completed in only one week. As noted, defendants’ counsel did not file a motion for an enlargement of time until the day of the hearing on Godfrey’s dismissal motion, August 3,2000.
The discretion accorded a trial court judge under Rule 14(b) to grant an extension of time to cure non-compliance with procedural requirements may be properly exercised only upon a showing of “good cause” by the moving party. Marino v. Kandris, 1997 Mass. App. Div. 129, 130; Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136. It is elementary that the requisite “good cause” for Rule 14(b) relief is the functional equivalent of “excusable neglect,” which contemplates “unique or extraordinary” circumstances transcending simple inadvertence or oversight, Tai v. Boston, 45 Mass. App. Ct. 220, 222 (1998), and which is intended “to take care of emergency situations only.” Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). Absent “good cause,” a Rule 14(b) enlargement of time is unavailable. “The rules do not permit purely ‘routine’ extensions of time... and no party is automatically entitled to Rule 14(b) relief.” Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 78 and cases cited.
The defendants eschewed any effort in their Rule 14(b) motion to demonstrate “good cause” for their 12 month delay in filing the appeal on the record of proceedings mandated by Rule 8C(b). Dismissing the requirement as a mere technicality with no impact on the parties or the appellate process, the defendants instead suggested that they were relieved of the obligation to file a Rule 8C designation because they were at all times engaged in diligent efforts to perfect a de facto Rule 8C appeal and that Godfrey was fully cognizant of those efforts. Contrary to the defendants’ contention, the failure to file a timely appeal on the record of proceedings is a serious procedural misstep, the “presumptive penalty” for which is dismissal of the appeal. Georgantis v. Star Market Cos., supra at 78. A timely Rule 8C designation not only rescues an appellee from the unfair position of having to guess the method of appeal selected by the appellant, but also triggers a timetable for the perfecting of such appeal, which includes short, fixed deadlines for such necessary steps as requesting trial cassette tapes and delivering such tapes to a transcriber. All of those time requirements were ignored by the defendants herein.
Moreover, the record discloses no diligent efforts by the defendants. What is instead revealed is a pattern of inordinate, unjustified delay and persistent inattention to their own appeal, which was consistent with the defendants’ continuing disregard of the plaintiffs claims at every stage from his G.Lc. 93A demand letter, his eventual commencement of this suit and his request for the entry of a default, to the hearing on the assessment of damages and the entry of a default judgment The defendants’ assertion that they promptly requested trial cassette tapes in their July 13,1999 notice of appeal ignores the obvious fact that they delayed for more than two months, until September 23, 1999, before submitting the separate cassette order form and payment necessary to process any tape request Rule 3(c) (5) expressly provides that “the notice of appeal may also include a request that the clerk order a cassette copy of the electronic recording of the proceedings, set forth on the required form and accompanied by the required fee.” Rule 8C(b) reiterates the rudimentary point by providing that “[t]he request for a cassette copy *84 shall be set forth on the required form.” These rules are neither complex, nor ambiguous.
Similarly, defendants’ counsel’s averment that he was never informed by the trial court clerk that the tapes were available in November does not explain why no inquiry was ever made as to their availability during the five month period between the submission of the tape order and the plaintiffs first motion to dismiss. The responsibility for not only expediting an appeal, but also of monitoring its progress, is the appellant’s alone. Brown v. Quinn, 406 Mass. 641, 644 (1990); Hawkins v. Hawkins, 397 Mass. 401, 408 (1986). For the same reason, we conclude that the personal tragedy which befell counsel’s secretary did not warrant a finding of good cause to allow the appeal to go forward. Even apart from the mandate of procedural rules, plaintiffs counsel’s repeated demands and filing of a dismissal motion made it abundantly clear to the defendants that expeditious effort was required to produce the long overdue transcript Yet again no inquiry was made as to why no transcript had been received during the secretary’s absence. Even after her return, when counsel knew that the tapes were still in his office and immediate action was critical, the tapes were not delivered to a transcriber for an additional month and a half, and then only after Godfrey’s second motion to dismiss the appeal was filed. The defendants’ delay of more than one year was excessive and unjustified.[4]
Having failed to advance any good cause to support their Rule 14(b) motion, the defendants fall back on general judicial policy which favors the resolution of appeals on their merits. With respect to the merits, the defendants’ appeal is limited to the issue of whether the trial court judge abused her discretion, Kalenderian v. Marden, 46 Mass. App. Ct. 930, 931 (1999), in denying their Mass. R. Civ. R, Rule 60(b)(1), motion to vacate the default judgment[5] Yet the defendants failed to satisfy their burden of demonstrating the excusable neglect which is prerequisite to Rule 60(b)(1) relief. Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriters Assn., 399 Mass. 886, 893-894 (1987). The defendants asserted only that their failure to respond to Godfrey’s complaint resulted from the fact that counsel was out of his office when the complaint copies faxed and mailed to him by WFM were received, that somehow no one in his office brought either complaint copy to his attention, and that WFM neglected to ever mention Godfrey’s lawsuit in subsequent client conferences. The defendants’ allegations of “meritorious defenses” to Godfrey’s numerous claims would not alone have entitled them to relief from judgment in the absence of excusable neglect or other ground cognizable under Rule 60(b)(1). Zisler v. Ayan, 1992 *85 Mass. App. Div. 95, 96-97.[6] In any event, the defendants’ argument overlooks the judicial policy of protecting appellees from exactly what transpired in this case.
All litigants are better served if the time in which certain actions are required has some meaning. Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.
Brown v. Quinn, supra at 645.
The allowance of the defendants’ Rule 14(b) motion and the denial of the plaintiffs motion to dismiss the defendants’ appeal are reversed. The defendants’ appeal is dismissed.
So ordered.

 The complaint alleges that when it rained, water leaked into the plaintiffs car through the sunroof and under the dashboard area. The plaintiff took his vehicle, at WFM’s direction, to an authorized manufacturer’s dealer. He learned that his vehicle had been improperly reconstructed after having been totally destroyed, and that the current problems could not be remedied without rewelding the vehicle.

 The motion judge informed the parties on August 3,2000 that the defendants’ motion, filed oxdy that morning, was not properly before the court and would have to be remarked for hearing on a later date. Despite this admonition, the judge allowed the defendants’ motion without any subsequent hearing. Godfrey has not urged the obvious point that the allowance of a motion which was not properly before the court is an abuse of discretion. As both parties have proceeded on the basis that the trial judge could have properly entertained and allowed the defendants’ motion, we do so in like maimer.

 By way of comparison, Godfrey appealed from the denial of his motion to dismiss on September 6, 2000. His Rule 8C appeal, including the production of transcripts, was completed and sent to this Division in less than one month.

 We note that the defendants’ brief on that appeal (App. Div. #9690) does not even address their Rule 60(b) (1) motion, but is instead limited to an analysis of alleged error in the trial courts assessment of damages. However, the defendants failed to appeal that assessment within ten days of the court’s February 4,1999 judgment, as mandated by Rule 4(a). The defendants’ Rule 60(b) (1) motion for relief from judgment, filed on April 30,1999, did not constitute an appeal of the courts assessment of damages. “A Rule 60 (b) motion does not provide for general reconsideration of an order or judgment, nor can it be used as a substitute for the regular appeal procedure. An order denying Rule 60(b) relief is appealable, but the appeal raises only the correctness of the order itself, not the purported defects in the underlying judgment [citations omitted].” Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85 and cases cited. See also Piedra v. Mercy Hospital, Inc., 39 Mass. App. Ct. 184, 186 (1995); Baybank v. Sullivan, 1998 Mass. App. Div. 112.

 We reject defendants’ contention, raised for the first time in oral argument on this appeal, that they were not obligated to demonstrate Rule 60(b) (1) grounds for relief from the default judgment because no judgment was ever entered in the trial court pursuant to Mass. R Civ. E, Rules 58(a) and 79(a). First, there is a notation of the entry of judgment on the docket While the clerk did not complete a separate form captioned as a “judgment,” a notice of civil disposition setting forth the courts allowance of the motion for entry of a default judgment and the damages assessed was issued by the clerk and is part of the record. Second, there was no confusion on the part of either party as to the nature of the courts rulings or the date upon which they were entered. Both parties proceeded on the basis that a final judgment had been entered, filed postjudgment motions and claimed appeals. See Gottsegen v. Gottsegen, 397 Mass. 617, 618 n.1 (1986); Lewis v. Emerson, 391 Mass. 517, 520 (1984); Hodge v. Klug, 33 Mass. App. Ct. 746, 750-751 (1992). Under such circumstances, the defendants are now estopped from making any argument that judgment never entered, that they were not required to obtain relief from judgment or that the parties’ appeals are premature. Brown v. Quinn, supra at 645-646 (1990).