Benedict & another *v.* Morse.

WILLIAM M. BENEDICT & another *vs.* BENAJAH MORSE.

B. conveyed his real estate to three assignees, "to have and to hold to them, their heirs and assigns, in trust to reduce said estate to money, and out of the proceeds to pay B.'s creditors:" After the death of one of the assignees, the two others sold and conveyed to P. M. a parcel of said estate, which was in the occupation of B. M. as their tenant at will, and P. M. brought an action against B. M., on the Rev. Sts. c. 104, to recover possession. *Held,* that it was unnecessary to decide, in this action, whether the conveyance of B. was to the assignees as joint tenants or as tenants in common, *that if the surviving assignees were tenants in common with the heirs of the deceased* assignee, yet their deed purporting to convey the whole estate to P. M. was good as to two undivided third parts, and P. M. became tenant in common with said heirs, and, by entering into possession, his title was good, as to the whole estate, so far as strangers to the title were concerned. *Held also,* that B. M. having occupied the whole estate, as tenant of the surviving assignees, could not controvert P. M.'s title to the possession of the whole under their deed.

A landlord terminates a lease at will by selling and conveying the leased premises, and the tenant is thenceforth a tenant at sufferance, and liable to the grantee, without notice to quit, in the process provided by the Rev. Sts. c. 104, § 4.

THIS was an action originally commenced before a justice of the peace, on the Rev. Sts. c. 104, § 2, to recover possession of premises alleged to be held by the defendant without right, and was carried into the court of common pleas.

The report of the trial in that court, before *Ward,* J. was as follows: Caleb Burbank was the owner of said premises, on the 18th of January 1834, and on that day conveyed, by indenture, certain property, real and personal, to Amasa Wood, John Jacobs and Abraham G. Randall, "to have and to hold the aforesaid estate, real and personal, to them the said Amasa, John and Abraham G., their heirs and assigns, upon trust, and for the benefit of the party of the third part,'

(creditors of said Burbank,) "as is hereinafter pointed out, to wit, the said Amasa, John and Abraham G. are to reduce said estate and property to money, as soon as conveniently can be done, and out of the proceeds, in the first place, to pay " certain creditors of said Burbank the whole or a ratable part of their demands, according to the amount for which the said property should be sold.   This conveyance included a parcel of land described as "the lot whereon the cotton factory stands;" which lot, as the plaintiffs alleged, embraced the premises in question.   The assignees immediately took possession of the said premises, and of the other property described in the indenture, and Jacobs, one of their number, died before the business of their trust was finished.   After his death, the defendant occupied said premises, and paid rent, (about $26,) for three or six months, to Randall, who acted as agent of the surviving assignees.   On the 22d of March 1844, Randall and Wood, as surviving assignees, conveyed said premises to P. Merrick, one of the plaintiffs, who on the same day conveyed one undivided half thereof to Benedict, the other plaintiff.   On the 6th of April 1844, this process was commenced.

There was evidence to show that the defendant, several days before the date of the process, received written notice of the abovementioned conveyances to the plaintiffs, and that he must quit the premises; but the notice was not given three months before the date of the process, nor was there any proof that rent was in arrear.   The defendant had no written lease, nor did the proof show on what terms, or for what time, he held the premises, except as above appears.

The defence rested on three grounds:   1st. That the premises named in the complaint, and which the defendant occupied, were not a part of the cotton factory lot, and that there-fore the plaintiffs had no title.   2d. That if the premises were part of that lot, yet by the death of Jacobs, one of the assignees, the power of the surviving assignees to sell ceased; and that therefore the deed to Merrick was void.   3d. That even if the plaintiffs had a good title, the evidence showed

that the defendant was tenant at will, and the plaintiffs were not entitled to recover, because they had not given him three months' notice to quit, before commencing this process.

Upon the first point there was much conflicting evidence; and for the convenience of the parties, and in order to submit that question to the jury, the court ruled against the defendant upon the second and third points, and directed the jury, that if the said premises were known as the cotton factory lot, or were included in it and parcel of it, they should find for the plaintiffs; otherwise, for the defendant. The jury found for the plaintiffs, and to these rulings and directions the defendant excepted.

*Bridges & Chapin,* for the defendant. The two surviving assignees had no authority to sell the land in question. The conveyance to the three by Burbank was to " them, their heirs and assigns," without mention of survivors; and as they took an estate only in trust to sell for creditors, they had a naked power, and not a power coupled with an interest in the subject. 4 Kent Com. (3d ed.) 325. Sugd. on Powers, (1st Amer. ed.) 165, 166. *Townsend* v. *Wilson,* 1 Barn. & Ald. 608. *Homer* v. *Shelton,* 5 Met. 465, 466. *Bergen* v. *Bennett,* 1 Caines Cas. in Er. 15. *Jackson* v. *Davenport,* 18 Johns. 295. 4 Dane Ab. 808. Co. Lit. 113 *a,* and Hargrave's note. *Lancaster* v. *Thornton,* 2 Bur. 1027. There was not such a unity of interest in the assignees as to make them joint tenants of the land conveyed. They were tenants in common, and the heirs of Jacobs should have joined the survivors, in the conveyance to Merrick, in order to transfer a title. *Franklin* v. *Osgood,* 14 Johns. 527.

This process cannot be sustained on the facts stated in the exceptions. The defendant is not within the Rev. Sts. c. 104, § 2, on which the process is brought. He does not "hold possession of the demised premises, without right, after the determination of the lease, either by its own limitation, or by a notice to quit, as provided in the sixtieth chapter," § 26; viz. " three months' notice in writing." The lease to the defendant did not determine by its own limita-

tion.  See *Crosby* v. *Wentworth*, 7 Met. 10.  *Saunders* v.
*Robinson*, 5 Met. 343.  *Howard* v. *Howard*, 3 Met. 548.
It did so determine in *Hollis* v. *Pool*, 3 Met. 350, and the
decision in that case may well stand on that ground.  In
*Kinsley* v. *Ames*, 2 Met. 29, there was a forcible resistance.

A sale of demised premises, by the landlord, does not make
the lease given by him, though by parol, determine by its
own limitation.  A tenancy at will is a contract, and is enti-
tled to protection.  The tenant is entitled to emblements.  But
if the landlord can end the tenancy by selling the land, he
can make a tenant at will a tenant at sufferance, and deprive
him of emblements; and he can enable his vendee to oust
the tenant, when he could not do it himself.

*Bacon & Hartshorn*, for the plaintiffs.  The surviving
assignees had authority to sell and convey to Merrick.  The
cases cited for the defendant relate to naked powers only.
In this case, the three assignees had the estate conveyed to
them, coupled with trusts and duties which required the exe-
cution of the power to sell; and the power, in such cases,
survives to the survivors.  Co. Lit. 113 *a.*  181 *b.*  *Keene*
v. *Deardon*, 8 East, 248.

The assignees took the estate in joint tenancy, it being so
intended, from the nature of the case, on the face of the in-
strument of conveyance.  *Appleton* v. *Boyd*, 7 Mass. 131.
*Shaw* v. *Hearsey*, 5 Mass. 521.  4 Kent Com. (3d ed.) 361.
Rev. Sts. *c.* 59, §§ 10, 11.  But if the assignment gave a
tenancy in common, two thirds of the premises passed by
the conveyance of the surviving assignees; and that is suffi-
cient for the purposes of this action.

The defendant is estopped to deny the title of his land-
lord, and this estoppel operates as well for the landlord's
assignee as for himself.  Chit. Con. (5th Amer. ed.) 332.

A tenant at will is made a tenant at sufferance by the
landlord's sale of the demised premises.  1 Cruise Dig. tit. 9,
*c.* 1, § 18.  Com. Dig. Estates by Grant, H. 7.  *Hollis* v. *Pool*,
3 Met. 350.  The defendant's lease was by parol, and his
tenancy was at will, with all the incidents of that tenancy,

in the same manner as if the events that have since happened had been stipulated for. His lease, therefore, terminated by its own limitation, within the true meaning of the Rev. Sts. *c.* 104, § 2.

HUBBARD, J. The premises of which the plaintiffs seek possession were a part of the land conveyed by Caleb Burbank to Amasa Wood, John Jacobs and Abraham G. Randall, in trust to be sold for the benefit of his creditors, under a deed of assignment for that purpose. Prior to the sale to the plaintiffs, Jacobs, one of the trustees, died. Afterwards, the survivors made the conveyance to Merrick, who on the same day conveyed an undivided moiety to Benedict. The defendant contends that the power of the surviving trustees to sell ceased upon the death of Jacobs, and that, in consequence of it, the deed to Merrick was void.

The argument in support of this exception is, that the trustees took no estate which they were to hold ; that they had but a naked power to sell, not coupled with an interest ; that they were the mere conduits through which the estate was to pass ; the object being not to give them the land, but to enable them to sell it and receive and distribute the proceeds. And it is further argued, that if the power was not terminated by the death of Jacobs, yet, as the words " survivors and survivor " are not contained in the deed, the terms " heirs and assigns," as used in it, created a tenancy in common, and therefore the heirs of Jacobs must join in a conveyance, in order to pass the estate.

It is perfectly well settled, that a power to convey land, not coupled with an interest, terminates as well with the death of the party receiving it, as with that of the constituent ; and the reason given is, that it is a bare power, collateral to the land to be granted, and not coupled with it — a mere personal confidence, revocable at pleasure, and absolutely revoked by death. But where an estate or interest in the land is conveyed to the person, coupled with the power, he is not a mere stranger to the land, but the power and the interest are connected, and they do not die with the person ;

but the estate itself passes and supports the power, which is not a mere personal confidence.    Co. Lit. 342 *b*, and Butler's *note* (298.)    *Bergen* v. *Bennett*, 1 Caines Cas. in Er. 15.    In the present case, the estate was conveyed in trust for the payment of debts.    The fee was vested in the trustees, to give them the legal estate, so that they could dispose of the whole property, for the benefit of the *cestuis que trust*.    The right of possession followed the grant, and the incidents of possession also vested in them, to wit, the right to lease the estate, while unsold, and to receive the rents and profits.    This then was not a bare naked power to the trustees to sell, but a grant of the estate, to enable them to hold as well as to sell, defeasible only by the payment of the debts of Burbank, by himself or by the proceeds of other property in their hands, before a sale of the estate ; and a *bonâ fide* sale by the trustees, during the existence of the trust, would bind all persons, parties or privies to the conveyance to them.

The question whether the conveyance was to the trustees as joint tenants or as tenants in common, it is not necessary here to decide, because, *quâcunque viâ datâ*, the defendant cannot avail himself of the legal difference between the two estates.    If the trustees were joint tenants, then the survivors passed the whole estate by their deed to Merrick ; and if they were only tenants in common, their deed, though purporting to convey the whole estate, would be good as to two undivided third parts, and the purchasers would become tenants in common with the heirs of the third trustee, and entering into possession, their title would be good to the whole estate, so far as strangers to the title were concerned.    And this title to possession of the whole could not be controverted by the present defendant, who occupied the premises under the two trustees, as their tenant, and who has set up no claim, after the sale, as derived from the heirs of Jacobs.

The remaining question is — admitting the plaintiffs' title — whether the defendant was tenant at will of the estate occupied by him, and, as such, entitled to three months' notice

to quit, before this process could be legally commenced. The facts, as stated in the bill of exceptions, are not presented with much perspicuity ; but we gather from them that the defendant was on the premises now demanded, at the time of the conveyance by the two surviving trustees to Merrick, having previously paid Randall, who acted as agent, rent to about $26 for three or six months. There is no evidence of the existence of any lease, or of the bargain as to the use and occupation. We therefore consider the defendant's relation to the trustees, from the facts thus presented, to be · that of a tenant at will. The conveyances by Randall and Wood to Merrick, and by Merrick to Benedict, were made March 22d 1844 ; and on the 6th of April following this process was commenced. Some days previously to this, (it does not appear how many, but, as is agreed, within three months,) written notice was given to the tenant to quit. It is very clear that, if he remained a tenant at will after the sale, the notice was insufficient ; because the statute requires three months' notice to be given to determine an estate at will, where there has been no neglect or refusal to pay rent ; and none is proved in this case. Rev. Sts. *c.* 60, § 26.

But we are of opinion that, by the sale to Merrick, the estate at will was determined. Such an estate is uncertain and defeasible, and is destroyed by the alienation of either party. *Co. Lit. 55 b. 57 a. Jackson* v. *Aldrich,* 13 Johns. 109. *Dinsdale* v. *Iles,* 2 Lev. 88. And the tenant, in case of an alienation by the owner of the estate, becomes a mere tenant by sufferance ; for the estate at will is terminated by its own legal limitation ; it not being the subject of alienation. But it is unnecessary to enlarge on the nature of these two estates, because we are of opinion that the case now presented is decided by those of *Kinsley* v. *Ames,* 2 Met. 29, and *Hollis* v. *Pool,* 3 Met. 350. In the first of these cases, the defendant had conveyed the estate in mortgage, with a power to sell. This power was exercised, and the plaintiff was the assignee of the purchaser, and gave the defendant notice to quit immediately after his purchase ; and within

three months he attempted to take possession of the house, but the defendant violently resisted the attempt. The court held that whether his holding was unlawful or not, depended on the question whether he was entitled to notice to quit; and they were of opinion that, after the sale, he was a mere tenant at sufferance, and as such was not entitled to notice ; and the decision is placed, not on the forcible resistance, but on the nature of the estate ; it being a tenancy at sufferance, in consequence of the alienation. In the case of *Hollis* v. *Pool*, the lessee, who agreed to pay his rent quarterly, also agreed to quit if the premises should be sold. A sale took place, of which the vendor gave notice to the lessee, who refused to quit, and this process was commenced by the purchaser, immediately after; and the court held that, by force of the sale, the defendant became a tenant at sufferance, and was liable to the process without notice to quit, and affirmed the decision in *Ames* v. *Kinsley*. The present case, in our opinion, is not distinguishable in principle from the above. Here was a tenancy at will, which by force of the sale has been determined, and the defendant is but a tenant at sufferance. He is therefore subject to the process given by the Rev. Sts. *c.* 104, §§ 2, 4, respecting forcible entry and detainer ; tenants by sufferance not being entitled to notice under any of the provisions of that chapter — the *St.* of 1825, *c.* 89, § 4, on that subject, having been repealed by the Rev. Sts. *c.* 60, § 26, for the purpose of making a difference between tenants at will and tenants at sufferance, in respect to notice. See the notes of the commissioners in relation to the two estates.

*Exceptions overruled.*