Merrick, P.J.
This is a Dist/Mun. Cts. R.AD.A., Rule 8C, appeal by plaintiff Corporate Design Insurance Agency, Inc. of a conditional order of dismissal of its claim against defendant Thomas Ford Sales, Inc. (“Thomas Ford”).
The plaintiff brought this action against defendants Thomas Ford and Ford Motor Company (“FMC”) for their alleged breach of the warranty of merchantability in connection with a new Ford Explorer manufactured by FMC and sold to the plaintiff for $35,516.00 by Thomas Ford. The vehicle allegedly had a design defect which caused the engine to “seize,” rendering it inoperable. While the action was pending, plaintiffs counsel discussed settlement with a paralegal in the office of FMC’s counsel in Columbus, Ohio. A settlement offer in the amount of $5,000.00 was made and accepted, although there is now a dispute as to the terms of that settlement FMC’s Ohio counsel prepared a “Receipt and Release,” which released all claims against both FMC and Thomas Ford in consideration of $5,000.00, and sent it to FMC’s local counsel in Boston, Massachusetts. FMC’s Boston counsel prepared a “STIPULATION OF DISMISSAL” of the action as to both defendants. Although Thomas Ford was represented by its own attorney, FMC’s Boston counsel purported to sign the Stipulation on behalf of both defendants, and then forwarded both the Stipulation and the Receipt and Release to plaintiffs counsel.
It is agreed that plaintiffs counsel had a further conversation with the Ohio paralegal in which she indicated that she wanted to settle only the claim against FMC for $5,000.00, not the claims against both parties. By way of affidavit, the paralegal has asserted that she made it clear to plaintiffs counsel that the $5,000.00 would be paid by FMC only to settle both claims. Conversely, plaintiff’s counsel has averred that the paralegal said she would look into the possibility of the settlement of only the claim against FMC; and that when plaintiffs counsel made a later inquiry about the status of a settlement, the paralegal told her that she was holding the $5,000.00 check pending receipt of the settlement documents.
Plaintiffs counsel drafted another “Receipt and Release,” which released only FMC. She also prepared a pleading titled “STIPULATION OF DISMISSAL OF FORD MOTOR COMPANY AND REQUEST FOR TRIAL,” which dismissed the action as to FMC only, specified that the action was not dismissed as to Thomas Ford, and requested a trial date in the action against Thomas Ford. Plaintiffs counsel then forwarded these documents to the Ohio paralegal. The paralegal has averred that she did not notice the “alterations” in the documents, and sent the *35 $5,000.00 check to plaintiffs counsel and the Stipulation to FMC’s Boston counsel. The latter signed it on behalf of FMC and filed it
As the trial date approached, counsel for both defendants became aware of these facts. Thomas Ford’s counsel filed a “Motion to Dismiss Claim against Defendant Thomas Ford Sales, Inc.” on the grounds that there had been an accord and satisfaction between the parties. FMC supported the motion.
After a hearing, at which the affidavits recited above constituted the only evidence before the court, the judge made the following conditional order:
After hearing to be Allowed if pltf. does not return $5,000 to Defendant Ford Motor Co. c/o local counsel within 30 days of this date or provide Deft. Thomas Ford Sales, Inc. a full and final release.
The next procedural step taken was the plaintiffs filing of a notice of this appeal of the court's conditional order.
1. The plaintiffs appeal is premature for a number of reasons. As no final judgment has been entered, the courf s conditional order of dismissal is an interlocutory ruling. Absent a Rule 5 report by the trial judge, the appeal of an interlocutory order will not be entertained. Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 101-102 and cases cited. The Stipulation of Dismissal as to FMC is not effective without a court order because it was not “signed by all parties who have appeared in the action.” Mass. R. Civ. P., Rule 41(a)(1). See generally, Grace v. Buckley, 13 Mass. App. Ct. 1081, 1082 (1982). Apart from that infirmity in the Stipulation, there was not, and would not be, any separate and final judgment of dismissal as to FMC unless and until the court issued an order pursuant to Mass. R Civ. R, Rule 54(b).
The conditional order of dismissal of the claim against Thomas Ford does not take effect unless and until the court orders such dismissal on the basis of the plaintiffs failure either to return the $5,000.00 or to provide a release of that claim. The thirty day period for the taking of such action by the plaintiff had not expired at the time of this appeal.
In the absence of an appealable judgment, the plaintiffs appeal must be dismissed. “However, as the merits of [Thomas Ford’s] motion have been briefed and argued by the parties, we have elected to express our views upon them, R & F Micro Tool Co. v. General American Life Ins. Co., 23 Mass. App. Ct. 694, 699 (1987), for such benefit as they may be on any reconsideration by the trial judge.” Ajalat v. Cohen, 1998 Mass. App. Div. 266.
2. The judge appears to have decided that, since the parties didn’t agree on what their agreement was, either the claim against Thomas Ford should be released or FMC should get its money back. This intuitively seems fair. It is not quite logical that FMC would have paid $5,000.00 for a release from the plaintiff when, if the plaintiff recovers from Thomas Ford, the latter company could seek indemnity for the defect from FMC on a third-party claim herein or in a separate action. The parties seem to agree, however, that by considering the affidavits, the judge converted the motion to dismiss into a motion for summary judgment, see Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 37 Mass. App. Ct. 657, 663-664 (1994), on Thomas Ford’s claim that it was the third party beneficiary of an accord and satisfaction. While FMC filed no motion on the issue, it does support Thomas Ford’s motion, as we have noted. Although it has not attempted to amend its pleadings in this action, FMC has an interest in protecting itself from a third party action for indemnity or, at least, in reclaiming its $5,000.00.
“A mistake by one party to the knowledge of the other is equivalent to a mutual mistake.” Mates v. Penn Mut. Life Ins. Co., 316 Mass. 303, 306 (1944). A unilateral mistake may provide the basis for avoiding a contract where “’the other party had reason to know of the mistake or his fault caused the mistake.’” First Safety Fund Nat'l Bank v. Friel, 23 Mass. App. Ct. 583, 588 (1987), quoting from RESTATE *36 MENT (SECOND) OF CONTRACTS §153 (1979). The discrepancies between the accounts of plaintiffs counsel and the Ohio paralegal of their conversations create a question of fact on the issue of whether plaintiffs counsel knew that FMC’s payment of $5,000.00 and execution of the revised Stipulation were done in the mistaken belief that the settlement included both defendants.
The appeal is dismissed. The case is returned to the Salem Division for further proceedings not inconsistent with this opinion.
So ordered.