Bernard, J.
Plaintiff John Cusick (“Cusick”) claims that he had an oral agreement with the sellers of real estate which entitled him to a broker’s commission that was never paid. His complaint in this action alleged intentional interference with contractual relations, civil conspiracy and violations of G.L.c. 93A, §11 by the defendant-brokers who handled the real estate’s sale. The trial court allowed the defendants’ Mass. R. Civ. P., Rule 56, motions for summary judgment. Cusick argues on this appeal that the trial court erred in (a) allowing, on November 6, 2002, a motion by defendants DeWolfe New England (“DeWolfe”) and Susan Carver (“Carver”) to strike both Cusick’s request for Rule 56 findings and rulings and his untimely notice of appeal, and (b) granting, on August 28, 2002, summary judgment in favor of defendants Jack Conway & Company, Inc. (“Conway”) and Manuela Barrett (“Barrett”).
1. A review of the record suggests that the November 6, 2002 order striking Cusick’s notice of appeal as late resulted from confusion on the part of the parties and the trial court about the interplay of the rules governing the entry of appeal-able judgments and the timely commencement of appeals.[3] The chronology relevant to the court’s November 6,2002 order is as follows: The trial court allowed a joint summary judgment motion by DeWolfe and Carver on August 8, 2002. The clerk prepared a Mass. R. Civ. P., Rule 58, form and entered judgment for DeWolfe and Carver on August 8, 2002. No final judgment could have been properly entered, however, because the court’s Rule 56 order did not dispose of the claims against all four defendants, Estabrook v. Somerville, 1996 Mass. App. Div. 38, 40. *46 On August 13, 2002, DeWolfe and Carver filed a Mass. R. Civ. R, Rule 54(b), motion for the entry of a separate and final judgment. On August 16, 2002, Cusick filed a notice of appeal of the DeWolfe/Carver summary judgment and a request for written findings and rulings on that Rule 56 order.
At a hearing on August 21, 2002, DeWolfe and Carver submitted a motion to strike Cusick’s notice of appeal as premature because it was filed before the entry of a separate and final judgment in their favor. The trial court ultimately allowed the defendants’ motions and denied Cusick’s request for findings and rulings. However, the trial court docket states only that the court allowed the defendants’ motion to strike and that “a copy of the motion” was mailed to the parties the next day. The docket does not reflect, inter alia, the court’s allowance of the defendants’ Rule 54(b) motion. More significantly, no Rule 54(b) separate and final judgment for DeWolfe and Carver was ever entered on the docket.
Cusick subsequently filed a Rule 8C appeal, which DeWolfe and Carver moved to strike on September 25, 2002. Cusick responded on September 30, 2002 with a “re-notice of appeal” of the August 8, 2002 summary judgment order, a request that his notice be deemed timely, and a notice of appeal of the August 21, 2002 order striking his first notice of appeal.[4] The defendants filed a second motion to strike the new notices of appeal on the ground that they were not filed within ten days of the court’s order for a Rule 54(b) judgment. On November 6, 2002, the court denied Cusick’s motion and allowed the defendants’ motions, thereby effectively dismissing Cusick’s appeal against DeWolfe and Carver.
Pursuant to Dist./Mun. Cts. R. A D. A., Rule 4(a), a timely appeal to this Division is commenced by the filing of a notice of appeal and the required fee “within ten days of the entry of judgment [emphasis supplied].” Plavin v. Lutts, 2000 Mass. App. Div. 58, 59. “Entry of judgment” refers to the date of an appealable final judgment; that is, a judgment adjudicating all claims against all par ties, see Rule 54 (b), which has been set forth on a separate document and entered chronologically on the docket as mandated by Mass. R. Civ. P., Rules 58(a) and 79(a). See Levy v. Bendetson, 6 Mass. App. Ct. 558, 560-561 (1978); Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 93. Although mistakenly docketed as a judgment by the clerk, the court’s allowance of the DeWolfe/Carver summary judgment motion on August 8, 2002 was not an appealable final judgment because it did not dispose of Cusick’s remaining claims against Conway and Barrett. D’Andrea v. Fitzgerald, 1992 Mass. App. Div. 224. Cusick’s August 16, 2002 notice of appeal of that order, filed before any effective entry of judgment, was thus properly stricken by the trial court as premature. Wright v. Sabatino, 1995 Mass. App. Div. 48.
Prerequisite to Cusick’s right to an immediate appeal of the DeWolfe/Carver summary judgment order was the court’s allowance of a Rule 54(b) motion for separate and final judgment and the entry of such judgment. Bragdon v. Bradford O. Emerson, Inc., 19 Mass. App. Ct. 420, 422-423 (1985). As indicated, the court allowed a Rule 54(b) motion by DeWolfe and Carver for a separate judgment in their favor on August 21,2002. The allowance of that motion, however, merely constituted an order for a Rule 54(b) judgment; it did not amount to the entry thereof. Melican v. Ramella, 1992 Mass. App. Div. 106, 109, citing Graustein v. Dolan, 282 Mass. 579, 583 (1933). No effective judgment has, in fact, ever been entered in this case. Thus the DeWolfe/Carver motion to strike Cusick’s September 25, 2002 notices of appeal as late should have been denied. Indeed, in the absence of any *47 entry of an appealable judgment in this case, the Rule 4(a) ten-day period for filing a notice of appeal never began to run.
The procedural consequences at this stage, on purely technical grounds, are that the trial court’s Rule 56 orders in favor of all the defendants are interlocutory, and Cusick’s attempted appeal of the DeWolfe/Carter summary judgment and his actual appeal of the Conway/Barrett summary judgment are premature. However, the rules governing entry of judgment are intended to “facilitate adjudication on the merits,” Aroesty v. Cohen, 62 Mass. App. Ct. 215, 218 n.5 (2004), not needlessly hamper it. As it is clear as a practical matter that the Rule 56 rulings at issue constitute the trial court’s ultimate disposition of the parties’ claims, our consideration of those rulings on the merits would not offend the judicial policy against interlocutory appellate review. Moreover, both parties have fully briefed and argued the merits of those rulings, and the issues raised by Cusick’s attempted appeal of the DeWolfe/Carver summary judgment are identical to those dispositive of his appeal of the Conway/Barrett summary judgment. Therefore, “rather than dismissing this appeal on technical grounds, returning the case to the trial court for a purely clerical entry of judgment, and forcing the parties to retrace their appellate steps,” we have elected to review the court’s summary judgment rulings in favor of all defendants on the merits. Massey v. Stop & Shop Cos., Inc., 1998 Mass. App. Div. 117, 118. See also Corporate Design Ins. Agency, Inc. v. Thomas Ford Sales, Inc., 2001 Mass. App. Div. 34, 35.
2. As a preliminary matter, there was no error in the denial of Cusick’s motion for findings and rulings in support of the trial court’s Rule 56 summary judgment orders. Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 309 (1991); Reznick v. Friswell, 2003 Mass. App. Div. 89, 91 n.3. Rule 52 of the Mass. R. Civ. P. unequivocally provides: “Findings of facts and conclusions of law are unnecessary on decisions of motions under Rule 12 or Rule 56 or any other motion except as provided in Rule 41 (b) (2).”
3. Count I of the complaint sought recovery for intentional interference with contractual relations. Cusick, a licensed real estate broker, claimed he was entitled to a commission based on an oral conversation on August 29, 1999 with Inger Manchester, an owner with her husband, Lee Manchester, of the subject property. Lee Manchester was employed by the Deluxe Corporation (“Deluxe”). Cusick claims that Inger Manchester told him that Deluxe would pay him a five (5%) percent commission if Cusick produced a buyer for the property. Cusick did show the property to prospective buyers, the Cranes, in August, 1999. The Cranes made no offer on the property and told Cusick that they were not interested in it.
On that same day, August 29,1999, the Manchesters entered into a “contract of sale” with Deluxe that required the Manchesters to terminate any broker agreements for the sale of the property. On August 30,1999, the Manchesters executed an irrevocable power of attorney coupled with an interest to Deluxe. Deluxe assumed all responsibility for marketing, advertising and selling the property, including the selection of a broker. Deluxe entered into an exclusive listing agreement with Conway. Acting under the power of attorney, Deluxe ultimately sold the properly to the Cranes, who had expressed a renewed interest in the property after a showing in October, 1999 by Carver, DeWolfe’s agent. Carver had no knowledge of the alleged oral contract between Cusick and Inger Manchester.
It is undisputed that Inger Manchester informed Cusick at the outset of the Manchesters’ agreement with Deluxe and advised him that all brokerage issues had to be taken up with Deluxe. Cusick concedes that Inger did not sign a listing or any other agreement with him, that he was informed of the Manchesters’ agreement with Deluxe, and that he never contacted either Deluxe or Lee Manchester.
Viewing the evidence in the light most favorable to Cusick for purposes of summary judgment review, Anderson St. Associates v. Boston, 442 Mass. 812, 816 *48 (2004), Cusick had no continuing contractual rights to a commission with which the defendants could have interfered. It is undisputed that Cusick never discussed a brokerage commission with Deluxe. There is no evidence of Inger Manchester’s individual authority or intent to enter into a binding oral contract with Cusick. See generally Situation Mgt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). Further, even assuming there was an enforceable oral contract, it was unilateral and revocable, Bartltett v. Keith, 325 Mass. 265, 267-268 (1950), and any rights under that purported agreement were extinguished by the Manchesters’ execution of the contract for sale and power of attorney coupled with an interest with Deluxe. See Benedict v. Morse, 51 Mass. 223, 227 (1845). The exclusive rights to list, market and sell the property were vested in Deluxe. Thus, as a matter of law, Cusick failed to establish the contract which was an essential element of his claim for intentional interference with contractual relations.[5]
4. Cusick’s civil conspiracy and G.L.c. 93A claims are predicated on his unavailing contractual interference theory and fail for the same reasons.
Civil conspiracy requires proof that the plaintiff suffered damage in consequence of either the defendant’s exercise of some particular power of coercion over him, or of the defendant’s knowing participation in a tortious plan or concerted action to accomplish a tortious end. DesLauries v. Shea, 300 Mass. 30, 33 (1938); Kurker v. Hill, 44 Mass. App. Ct. 184, 188 (1998). Cusick has failed to advance any evidence demonstrating the existence of a genuine issue of material fact on any of those elements.
“[T]he boundaries of what may qualify for consideration as a G.L.c. 93A violation is a question of law,” R. W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 73 (2001), which was appropriately decided on summary judgment in this case. Cusick’s Rule 56 materials were insufficient to warrant a trial on the merits of the issue dispositive of his G.L.c. 93A, §11 claim; namely, whether the defendants’ conduct rose to “a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.” Massachusetts Farm Bureau Federation, Inc. v. Blue Cross of Mass., 403 Mass. 722, 729 n.3 (1989).
Summary judgment for all defendants is affirmed.
So ordered.

 It should be unnecessary to state that a party’s right to appellate review hinges on his adherence to these rules. Contrary to Cusick’s contentions, the failure to comply with the time requirements for instituting an appeal is a “serious misstep,” the presumptive penalty for which is dismissal of the appeal. Brown v. Quinn, 406 Mass. 641, 643-644 (1990), citing Schulte v. Director of Div. of Employment Security, 369 Mass. 74, 79 (1975); Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32. Although Cusick has proceeded pro se in this action, he was bound by the same procedural rules applicable to litigants represented by counsel. International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983); Moeder v. Tolezyk, 2001 Mass. App. Div. 69, 71.

 Cusick averred that he had never received notice from the clerk of the August 21, 2002 order striking his first notice of appeal and that such lack of notice amounted to “excusable neglect” warranting a Rule 4(c) extension of time. But see Brown v. Quinn, supra at 644; Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 84.

 To recover for intentional interference with contractual relations, a “plaintiff must prove (1) he had a contract with a third party; (2) the defendant knowingly induced the third party to breach that contract; (3) the defendant’s interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant’s actions.” G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991). See also Cacciola v. Nellhaus, 49 Mass. App. Ct. 746, 755 (2000).