LoConto, PJ.
Aggrieved by the trial judge’s allowance of the defendants’ motion to dismiss the action for the failure to serve the complaint within 90 days pursuant to Mass. R. Civ. R, Rule 4©, the plaintiffs commenced this appeal.
The undisputed facts are as follows. The plaintiffs’ suit alleges that the defendants are in breach of contract and in violation of G.Lc. 93A for failing to return the plaintiffs’ deposit money following an unsuccessful real estate transfer. The complaint was filed and docketed in the Milford District Court on June 16,2008. To comply with Rule 4 ©, the complaint and summons were required to be served upon the defendants by September 14, 2008, unless the plaintiffs could demonstrate “good cause.”[3] On the eighty-seventh day following the filing of the complaint, September 11,2008, the plaintiffs first attempted to serve the defendants by having a constable leave the summons and complaint at the address of the property they were seeldng to purchase, an address never offered by the defendants as a place of abode or a business address, but an address inserted by the plaintiffs themselves in the offer to purchase. In response to the constable’s concern that the location of the attempted service “doesn’t look like a place that is residential,” the plaintiffs caused the defendants to be served on September 16, 2008 at a Hopkinton address that appears on all documents as the defendants’ address. The defendants do not deny receiving said service.[4]
Rule 4 (d) of the Mass. R. Civ. P. provides the method of service of process within this *290 Commonwealth upon an individual, or an unincorporated association.[5] The constable’s September 11, 2008 return of service in this case neither described the address as a “last and usual place of abode” with respect to the individual defendant, nor confirmed delivery “to an officer,... or to the person in charge of the business,” which would have been a trustee, or a person represented as one in charge of the trust’s business. Mass. R Civ. P., Rule 4(d). The attempted service upon either defendant on September 11, 2008 was not in compliance with this rule. Admittedly, the service executed on September 16,2008 was beyond 90 days from the filing of the complaint.
Rule 4(j) requires service of the summons and complaint within 90 days from the filing of the complaint in the trial court. Dismissal of the action, without prejudice, is compulsory if the “party on whose behalf such service was required cannot show good cause why such service was not made within that period.” Mass. R. Civ. R, Rule 4®. ‘The simple but rigorous requirements of Rule 4® and the severe consequences of breaching them demand treating the Rule ‘with the respect reserved for a time bomb.’” DeAndrade v. Schottenstein Bernstein Capital Group, Inc., 2006 Mass. App. Div. 5, 8 (2006), quoting Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 315 (1998). “Good cause” has been defined as “‘a stringent standard requiring diligenjt]’ albeit unsuccessful efforts to complete service within the period prescribed by the rule.” Maloney v. Maloney, 2004 Mass. App. Div. 189, quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). ‘The only example of good cause provided by the legislative history is the obvious one of a defendant’s evasion of service.” Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), quoting Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985), and citing Lovelace v.Acme Mkts., Inc., 820 F.2d 81, 84 (3d Cir. 1987). There is no evidence in the record before us that either defendant sought to evade service. Plaintiffs’ counsel waited until the eighty-seventh day to attempt service at an address never offered by the defendants as a residence or business address. Only thereafter did he direct the constable to serve the defendants at the proper address. Under these circumstances, neither the inadvertence, nor lassitude, of counsel constitutes “good cause.” Commissioner of Revenue, supra at 316. The fact that the defendants may not have been prejudiced by the failure to file service timely is immaterial. Id.
For the above stated reasons, we affirm the decision of the motion judge dismissing this action pursuant to Rule 4(j).
So ordered.

 “If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the courts own initiative with notice to such party or upon motion” Mass. R. Civ. R, Rule 4®.

 Although not advanced in the defendants’ motion to dismiss, service of process in this case by a constable appears violative of Mass. R. Civ. R, Rule 4(c).

 Rule 4(d) provides, in pertinent part: “Service shall be made as follows: (1) Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process... (2) Upon... an unincorporated association... by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth ... or by delivering such copies to any other agent authorized by appointment or by law to receive service of process....”