Gardner, J.
The plaintiffs have appealed the denials of their motions for relief from the dismissals of their claims against two of the defendants, ordered as sanctions for their discovery violations.
On September 18, 2005, plaintiffs Ramon L. Nieves, Igor I. Busanet, Igor A. Busanet, Luz M. Amarat, and Luis A. Perez (collectively, the “Nieves plaintiffs”) and plaintiff Cesar H. Bonilla (“Bonilla”) were pedestrians injured when a vehicle operated by defendant Gustavo A. Marraquin and owned by defendant Oscar R. Barrera (collectively, “Marraquin/Barrera”) collided with a vehicle operated by defendant Jean C. Ocasio and owned by defendant Magdalena Ortiz (collectively, “Ocasio/Ortiz”). The plaintiffs commenced this negligence action on January 25, 2007. Marraquin/Barrera filed cross claims against Ocasio/Ortiz, who filed their own cross claims. Both sides commenced discovery.
On May 10, 2007, Marraquin served separate requests for the production of documents on each of the Nieves plaintiffs, who failed to respond within the 30-day period prescribed by Mass. R. Civ. R, Rule 34. On July 5, 2007, Marraquin/Barrera filed a Mass. R. Civ. R, Rule 37 (a) motion to compel production. At the July 27, 2007 motion hearing, the judge ordered the Nieves plaintiffs to respond to the defendants’ documents requests within 30 days. After the plaintiffs failed to comply with that court order, Marraquin/Barrera filed a Rule 37 (b) (2) (C) motion to dismiss the plaintiffs’ claims on September 28, 2007. The court granted the Nieves plaintiffs a two-week extension to respond to Marraquin’s document requests, but ordered that the dismissal motion would be allowed on November 15,2007 if they did not comply. *292 The plaintiffs did not respond. However, no dismissal of the Nieves plaintiffs’ claims was entered on November 15, 2007.[3]
As to Bonilla’s claims, Marraquin/Barrera propounded interrogatories to him on May 10, 2007. Bonilla failed to answer within 45 days, and ignored Marraquin/Barrera’s final request for interrogatory answers served on his counsel on June 29, 2007. On August 28, 2007, Marraquin/Barrera applied for a Rule 33(a)(4) final judgment of dismissal, and a judgment dismissing Bonilla’s claims against them was entered the same day by the trial court clerk.
Marraquin/Barrera moved on January 8, 2008 for the entry of a Mass. R. Civ. R, Rule 54(b) separate and final judgment in their favor against all the plaintiffs. The motion was based on what both sides assumed were the prior dismissals of all the plaintiffs’ claims. The Nieves plaintiffs filed an opposition to the defendants’ Rule 54(b) motion and, despite the absence of any entry of judgment at that point, a “cross-motion for relief from judgment.” On March 18, 2008, the plaintiffs’ attorney filed both a “motion for relief from judgment of dismissal and to restore the claims” of the Nieves plaintiffs,[4] and a motion for relief from the dismissal of Bonilla’s claims. Both motions were denied on March 26, 2008. Two weeks later, the motion judge allowed Marraquin/Barrera’s motion for separate and final judgment on all of the plaintiffs’ claims. No Rule 54(b) judgment dismissing the Nieves plaintiffs’ claims was entered by the trial court.
1. Premature Appeal. We are compelled to note at the outset that the plaintiffs’ appeal is, in the strictest technical sense, premature. The established judicial policy against piecemeal appellate review precludes any appeal until after the entry of a final judgment. See generally Fabre v. Walton, 436 Mass. 517, 520-521 (2002); Levine v. Bernstein, 2002 Mass. App. Div. 144, 144-145. A final judgment is one that adjudicates all claims against all parties to the action. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003). From what can be gleaned from the record, the plaintiffs’ claims against Ocasio/Ortiz remain open. Thus, the plaintiffs could have appealed the denials of their motions to vacate judgment only if the trial court had entered a Rule 54(b) separate and final judgment in favor of Marraquin/Barrera. The judge’s order allowing their motion for a Rule 54(b) judgment constituted only that — an order for such judgment; it did not amount to an entry of the judgment. Melican v. Ramella, 1992 Mass. App. Div. 106, 109, citing Graustein v. Dolan, 282 Mass. 579, 583 (1933). As noted, no Rule 54(b) judgment was entered by the trial court clerk.
*293 However, the rules governing entry of judgment are intended to ‘“facilitate adjudication on the merits,’ not needlessly hamper it.” Cusick v. Carver, 2005 Mass. App. Div. 45, 47, quoting Aroesty v. Cohen, 62 Mass. App. Ct. 215, 218 n.5 (2004). As was the case in Cusick, the dismissals of the plaintiffs’ claims as sanctions for their discovery violations were, clearly, the motion judge’s ultimate disposition of those claims, and were incorporated in his Rule 54(b) order for final judgment in favor of Marraquin/Barrera. Our review of the plaintiffs’ motions for relief from those dismissals would not, then, offend the judicial policy against interlocutory appeals. Id. Further, the parties have fully briefed and argued the merits of those motion rulings. Therefore, “rather than dismissing this appeal on technical grounds, returning the case to the trial court for a purely clerical entry of judgment, and forcing the parties to retrace their appellate steps,” Id., quoting Massey v. Stop & Shop Cos., 1998 Mass. App. Div. 117, 118, we have reviewed the plaintiffs’ appeal on its merits.
2. Nieves Plaintiffs’ Motion for Relief from Judgment. The denial of a motion for relief from judgment will not be reversed in the absence of a clear showing of an abuse of judicial discretion. Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). The Nieves plaintiffs contend that the denial of their Rule 60(b) (1) motion was an abuse of discretion because the motion judge failed to apply properly the “Berube factors”[5] in reaching his decision. Utilizing those factors, the plaintiffs argue that their failure to respond to Marraquin/Barrera’s request for documents was unintentional; occurred during the early, pretrial discovery phase of this action; was remedied well before the date scheduled for trial; and resulted in no prejudice of any kind to the defendants. The Nieves plaintiffs also contend that they had already provided Ocasio/Ortiz with the very documents sought by Marraquin/Barrera; that those documents were, thus, available to Marraquin/Barrera; and that they had diligently responded to all other discovery requests. Finally, they argue that they have meritorious negligence claims against Marraquin/Barrera.
The record before us does not indicate that the Nieves plaintiffs presented all of those arguments to the motion judge.[6] Nor are those arguments supported by the record. First, there was more here than the plaintiffs’ unwitting failure to respond to a single documents request. The plaintiffs ignored not only the defendants’ request, *294 but also two subsequent direct court orders to produce the documents in question, the second of which expressly provided for the dismissal of their claims upon their continued failure to respond. While the Nieves plaintiffs ultimately produced the documents, they delayed in doing so until January 17, 2008, more than seven months after the documents were due and, even then, only after Marraquin/Barrera had moved for the entry of a Rule 54(b) judgment against them. Moreover, there is scant support for the proposition that Marraquin/Barrera and Ocasio/Ortiz, who had filed cross claims against each other and were represented by separate counsel, enjoyed such ready access to each other’s discovery that Marraquin/Barrera had no need of the documents they sought from the Nieves plaintiffs.
But even if the plaintiffs had satisfied all of the “Berube factors” and had filed the required Rule 60(b) affidavit attesting to the same, they would not have been automatically entitled to relief from judgment. Bird v. Ross, 393 Mass. 789, 791 (1985); Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, 201 n.4. Prerequisite to the allowance of their Rule 60(6) (1) motion was a threshold demonstration by the plaintiffs that their discovery order violations resulted from some mistake, neglect, or inadvertence that “was excusable and was not due to [their] own carelessness.” Murphy v. Administrator of Div. of Personnel Admin., 377 Mass. 217, 228 (1979). See also Andre v. Safety Ins. Co., 2003 Mass. App. Div. 150, 151; Turesky v. Carp, 1993 Mass. App. Div. 141, 142. The only explanation offered by the plaintiffs’ attorney for his failure to produce his clients’ documents was his own inadvertence.[7] Ordinary oversight does not, however, constitute “excusable” neglect under Rule 60(b)(1),[8] which “is something other than, ‘Oops, I forgot.’ It is meant to apply to circumstances that are unique or extraordinary, not any ‘garden-variety oversight.’” Tai v. City of Boston, 45 Mass. App. Ct. 220, 222 (1998), quoting Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). Excusable neglect entails decidedly more than “the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case.... It is (meant) to take care of emergency situations only.” Feltch, supra at 614, quoting Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 299 (1967).
*295 Given the Nieves plaintiffs’ failure to advance any basis for relief cognizable under Rule 60(b) (1), there was no abuse of discretion in the denial of their motion for relief from the Rule 37 (b) (2) (C) dismissal of their claims against Marraquin/Barrera.[9]
3. Bonilla’s Motion for Relief from Judgment. Plaintiff Bonilla’s Rule 60(b) (1) motion was based primarily on his incarceration.[10] Bonilla’s attorney alleged in that motion that although Bonilla had not responded to his letters and telephone calls “[f]or many months,” the reason for that lack of communication later appeared in a letter Bonilla sent from prison. In that letter, dated January 6,2008, Bonilla inquired about the status of this case, and acknowledged that it had been “a long time” since he had spoken to his attorney because he had been “déaling with [his] court cases [and] finishing [his] 4 months” in jail.
Bonilla’s Rule 60 (b) (1) argument was that his incarceration rendered him unavailable and, thus, excused his neglect in failing to answer Marraquin/Barrera’s interrogatories. Certainly, due process precludes dismissal as a sanction where the plaintiff was unable to comply with a discovery request or order, Gos v. Brownstein, 403 Mass. 252, 257 (1988), and that inability to comply would constitute excusable neglect requiring the allowance of a motion to vacate the dismissal.
However, there is nothing in the record, including any affidavit, to establish that Bonilla was, in fact, incarcerated or otherwise unavailable when discovery was sought. As noted, Bonilla’s letter was dated January 6, 2008. His unexplained reference to “finishing his 4 months” in jail could have meant that he had four months left to serve on a much longer sentence and, thus, that he had been, at least arguably, unavailable and unable to answer the plaintiffs’ interrogatories in May, 2007. Conversely, Bonilla could have meant only that he was commencing a four-month sentence, a fact that would have indicated nothing about his availability to respond to discovery eight months earlier. With a minimum of effort, Bonilla’s attorney could have eliminated any uncertainty by filing a Rule 60(b)(1) affidavit specifying the actual dates of Bonilla’s incarceration. He failed to do so.
*296 In the absence of that clarification, the motion judge was free to infer that Bonilla was merely beginning a four-month jail term on January 6, 2008, and that his letter offered no justification or excuse for his failure to have answered interrogatories in May, 2007. As grounds for his Rule 60(b) (1) motion, Bonilla was left, then, with nothing moré than his attorney’s unsworn assertions that he failed to respond to that attorney’s telephone calls and letters. A breakdown in communication between a party and his attorney, without more, does not constitute excusable neglect warranting relief from judgment. See Miller v. Scannell, 1997 Mass. App. Div. 166, 168.[11] There was, therefore, no abuse of discretion in the denial of Bonilla’s Rule 60(b) (1) motion.
The denials of the plaintiffs’ motions for relief from the dismissals of their claims against defendants Marraquin and Barrera are affirmed.
So ordered.

 There is nothing in the record prepared by the plaintiffs’ attorney that suggests any November 15, 2007 order for, or judgment of, dismissal. Copies of a Judgment of Dismissal and Notice to the Parties that the plaintiffs’ attorney included in the appendix he prepared for this appeal were actually dismissals issued in July, not December, of 2007, by the West Roxbury Division of the Boston Municipal Court Department, not the trial court in this case, in an entirely unrelated action against Metropolitan Insurance Company. Such blatant carelessness in the preparation of this appeal requires no comment.

 That motion was virtually identical to the plaintiffs’ earlier “cross-motion” for relief from judgment.

 The guidelines suggested in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979), for the court’s disposition of a Rule 60(b) (1) motion are: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.” Id. at 430-431.

 The arguments were not set forth in their Rule 60(b) (1) motion itself; nor did they, or their attorney, file the required affidavit, see Fleet Nat’l Bank v. Smith, 1999 Mass. App. Div. 163, 164, citing Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989), to attest to the arguments’ validity.

 The plaintiffs’ attorney stated only that “multiple pages of interrogatories, requests for production of documents and five depositions took place within a relatively short period of time. ... Given the size and number of the parties involved it was understandable that one set of document responses went unanswered.”

 The plaintiffs presented no argument on the sixth Berube factor, namely, “whether the error is chargeable to the party’s legal representative, rather than to the party himself.” Berube, supra at 431. While it is obvious that the neglect in this case was entirely that of the plaintiffs’ attorney, the “lack of diligence or mere carelessness ... of a party’s attorney is not sufficient cause to set aside a [judgment].... Having voluntarily chosen his attorney, the (party) cannot now avoid the consequences of the acts or omissions of his freely selected agent.” Peckham v. Erikson, 1997 Mass. App. Div. 13, 16, quoting Aberson v. Glassman, 70 F.R.D. 683, 684 (S.D.N.Y. 1976). See also McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 612 (2002), quoting Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729, 733 (1989) (“[L]itigants are properly bound by the conduct of their attorneys.”).

 It should be noted that the Nieves plaintiffs failed to advance any argument in their brief that their attorney’s oversight should have been deemed excusable because the motion judge’s sanction of dismissal was excessive, unduly harsh, or unreasonable in the circumstances of this case. Gargano v. Stop & Shop Supermarket Co., 2006 Mass. App. Div. 182, 184, citing, inter alia, Wilkins v. Guarino, 19 Mass. App. Ct. 1021 (1985) (Rule 60(b) denial reversed because attorney’s carelessness did not warrant sanction of dismissal); Parkman Equip. Corp. v. S.A.S. Equip. Co., 14 Mass. App. Ct. 938 (1982) (Rule 60(b) denial reversed because sanction of dismissal exceeded bounds of reasonableness). The Nieves plaintiffs’ failure to identify this issue, much less advance any reasoned legal analysis of it, supported by citation of authority, constituted a waiver of the issue. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4).

 Bonilla also argued that the motion judge, applying the Berube factors, should have concluded that his failure to answer interrogatories was unintentional, occurred during pretrial discovery, did not prejudice Marraquin/Barrera, was addressed promptly in his motion for relief, and could easily be remedied well before the scheduled trial date in this case.

 See also United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1270-1271 (9th Cir. 1985), cited in Kenne v. Brigham & Women’s Hosp., Inc., 56 Mass. App. Ct. 10, 20 (2002) (Propriety of discovery sanction of dismissal not affected by counsel’s inability to comply with discovery requests when he could not reach his client who failed to keep counsel apprised of his whereabouts).