Brennan, P.J.
This is the plaintiffs appeal of the trial court’s Mass. R. Civ. P, Rule 4©, dismissal of his action for failure to effect service of process within ninety days of complaint filing.
The plaintiff filed his complaint on March 24, 2010 to recover for injuries he allegedly sustained in a fall on June 2, 2007 at 83 Brookline Street, Worcester, Massachusetts. The complaint clearly identifies each defendant as a resident of Westborough, Massachusetts. Despite that fact, a constable left a summons and complaint for each defendant on May 4,2010 at their “last known and usual place of abode” at 83 Brookline Street in Worcester. Although the plaintiff filed a motion for the appointment of a special process server on May 5, 2010, which the trial court allowed, no additional service of process was attempted and no Mass. R. Civ. P, Rule 6(b), motion for additional time was filed by the plaintiff.
It would appear that the defendants first learned of the lawsuit when plaintiffs counsel sent copies of the summonses to defendants’ counsel by facsimile transmission on July 19, 2010.[2] The defendants filed an answer on July 27, 2010 that included requests for dismissal of the action pursuant to Mass. R. Civ. E, Rule 12©) (4) and 12©) (5), for, respectively, insufficient process and insufficient service of process. On August 27, 2010, ©e defendants filed the Rule 4© dismissal motion that is at issue on this appeal. In support of ©at motion, ©e defendants filed individual affidavits asserting that at all times relevant to this case, they resided at 14 Jasper S©eet in Westborough; that ©e plain©f’s own complaint identified them as Westborough residents; that ©ey have never lived at 83 Brookline S©eet in Worcester, ©e address at which the constable left service; that they have never received service of process; that defendant Wayne Zarozny purchased 83 Brookline S©eet in 2005 in his own name, but has never resided at that address; and ©at his wife, defendant Susan Zarozny, has never even had an ownership interest in the Brookline Street property. The plainfflf filed an opposing memorandum *227 and a Rule 6(b) motion, arguing merely that the Worcester address was a property owned by at least one of the defendants and that he was entitled to a Rule 6(b) extension of time to effect proper service. The defendants filed a written opposition.
After hearing, the trial court allowed the defendants’ Rule 4© dismissal motion, ruling that “ [wjhere the plaintiff has failed to show good cause, the dismissal of the complaint is mandatory.” There was no error in that ruling.
1. Failure of Service. The plaintiffs appeal is largely predicated on misstatements of the record and of applicable law. In the latter category is the plaintiffs initial erroneous assertion that the trial judge erred in even considering whether the plaintiffs May 4, 2010 attempted service was improper. Based on the 1946 decision in Union Sav. Bank of Boston v. Cameron, 319 Mass. 235 (1946), the plaintiff argues that both the trial judge and the defendants were bound by the constable’s return of service that identified, incorrectly, 83 Brookline Street in Worcester as the defendants’ residence, because “the return of the officer is conclusive as to all matters which are properly the subject of the return. (Citations omitted). If the return is false, the remedy of the party injured is against the officer.” Id. at 236. The short answer to the plaintiff’s meritless contention that the defendants were not permitted to challenge service of process or personal jurisdiction in this case is that the proposition cited by the plaintiff has not been the general rule in Massachusetts for decades. As the Appellate Division, Southern District, noted twelve years ago:
The traditional common law rule in this Commonwealth was that, as between the parties to an action and as to those in privity with them, the return of an officer was conclusive as to all matters which were properly the subject of the return. If the return was false, the injured party’s recourse was to bring an action against the officer who made the return. These principles remained vital, with certain modifications, well into this century.
The present state of the law is that a person to whom process is directed is entitled to controvert the recitals of an officer’s return to establish lack of personal jurisdiction by introducing affidavits or other evidence of facts tending to negate due service of process.... The judge is required to believe the affidavits submitted by the moving party unless contradicted by averments of facts in the affidavits or other evidence offered by the opposing party (citations omitted).
Sarasota, Inc. v. Moceri, 1999 Mass. App. Div. 281, 281-282, and cases cited.
Thus, under applicable law, the constable’s return of service in this case was not conclusive, but merely prima facie evidence of its erroneous recitals that the defendants’ last and usual place of abode was 83 Brookline Street, Worcester, and that they were properly served at that address. Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003); Jackson v. Corley, 1997 Mass. App. Div. 25, 26. That prima facie evidence was successfully rebutted by the defendants’ affidavits, which were sufficient to indicate that they never resided at the Brookline Street address in Worcester, that they lived at all relevant times in Westborough, and that they never received service of process. As noted, the defendants’ averments were, in fact, supported by the plain *228 tiffs own complaint that identified the defendants as Westborough residents. Contrary to the plaintiff’s contention, the defendants’ acknowledgment that one of them owned the property at 83 Brookline Street did not permit a finding that Mass. R. Civ. R, Rule 4(d)(1), service on the individual defendants was proper at that address.[3] “The cases make clear that it is not enough to leave a summons at a house that defendant owns or occupies from tíme to time. The house must be his usual and normal residence.” Shore v. Cornell-Dubilier Elec. Corp., 33 F.R.D. 5, 7 (D. Mass. 1963).
The general, conclusory statements in the constable’s return of service were not alone sufficient to controvert the specific facts in the defendants’ affidavits. See Fleishman, supra at 916; Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994); Adams v. Lamarine, 2004 Mass. App. Div. 36, 39. And the plaintiff failed to file an affidavit or any other evidence to rebut the defendants’ averments. In these circumstances, the motion judge was obligated to accept the defendants’ uncontroverted affidavits as true, Farley v. Sprague, 374 Mass. 419, 424-425 (1978); Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983); Enterprise Rent-A-Car v. Bigelow, 2004 Mass. App. Div. 165, 166, and to conclude that the plaintiff’s single attempt on May 4, 2010 to serve the defendants was improper and ineffective.
2. Rule 4(j) Dismissal. The plaintiff’s failure to effect service of process by June 22, 2010, ninety days after complaint filing, rendered the plaintiff’s action subject to dismissal without prejudice pursuant to Rule 4(j). The rule is strictly construed, Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 311-312 (1998); and does not merely permit, but mandates, dismissal if the plaintiff is unable to advance “good cause” for its failure to effect valid timely service. Id. The burden of proof is on the plaintiff to demonstrate the requisite “good cause” to avoid complaint dismissal. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991).
In this case, the plaintiff has failed to offer anything even approaching Rule 4(j) good cause to justify his failure to make timely service. He argues only that he did make one attempt at service, and suggests, with little support in the record, that any error in the address used for the defendants was the constable’s, that the defendants were aware of the lawsuit, and that the defendants were not prejudiced by the delay in service. The well-established definition of Rule 4© “good cause” is that it is a “‘stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Shuman, supra at 953, quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). In assessing a plaintiff’s claim of good cause, the “focus of the court’s inquiry is the reasonableness and diligence of counsel’s effort to effect service within the time required.” Id. In this case, in which there are indications that plaintiffs counsel *229 knew the defendants’ correct address,[4] the failure to undertake more than a single, unsuccessful attempt at service at the wrong address and to check or verify the constable’s return on that ineffective service suggests mere inadvertence or neglect rather than diligent effort. Inadvertence, lassitude, and half-hearted efforts obviously fail to constitute Rule 4® good cause. Asfour v. Brinda Realty Trust, 2009 Mass. App. Div. 289, 290; Glasser v. Degenhart, 1995 Mass. App. Div. 42, 43. Further, even actual proof, not offered here, that any mistake in service was the constable’s would not constitute good cause. Shuman, supra at 953. And it is established that neither the defendants’ actual knowledge of the lawsuit, nor the lack of any prejudice to them from the delay in service, is a relevant factor in a Rule 4(j) analysis. See Commissioner of Revenue, supra at 315-316 (1998); Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26 & n.10 (1992). Finally, the record establishes that the plaintiff failed to file a Rule 6®) extension motion before the expiration of the Rule 4® ninety-day period. This failure alone is evidence of a lack of diligent effort under Rule 4®. Shuman, supra at 953.
Given the absence of any good cause for the plaintiff’s failure in this case to have effected valid timely service of process on the defendants, there was no error in the trial court’s allowance of the defendants’ Rule 4® motion to dismiss.[5]
3. Rule 6(b) Request. There is no merit in the plaintiff’s final argument that the *230 trial court erred in failing to allow what he has characterized as the “liberal time extensions” available under Rule 6(b) to correct service of process. The plaintiff did not seek a Rule 6(b) extension of time until after the ninety-day period had run, and only then as part of his opposition to the defendants’ dismissal motion. It is sufficient to note here that a Rule 6(b) motion filed, as in this case, after the expiration of the Rule 4© ninety-day service period does not relieve a plaintiff of his burden of establishing good cause to avoid complaint dismissal. Commissioner of Revenue, supra at 314 n.5. In the circumstances of this case, the trial court did not err in declining to grant a Rule 6©) extension of time.
The allowance of the defendants’ Rule 4© motion to dismiss this action without prejudice is affirmed.
So ordered.

 That statement appears in ©e defendants’ brief and has not been challenged by the plaintiff.

 Rule 4(d) (1) requires that service on an individual shall be made “by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process....”

 As noted, the plaintiff’s complaint clearly states that the defendants resided in Westborough. At oral argument, plaintiff’s counsel stated that he relied on an Internet search to confirm the defendants’ address. A copy of the search results, included in the record before us, lists the defendants’ Westborough address first, as the current address. The incorrect Worcester address improperly used by the plaintiff is not only listed as a fourth search result, but also is accompanied by a note indicating that such Worcester address and zip code were in conflict with the defendants’ current telephone number.

 It is unnecessary to address at length a peculiar portion of the plaintiff’s brief in which he first misstates the record by claiming that the motion judge applied the factors listed in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979) in assessing Rule 4® good cause, and then argues that the judge erred in that application because the Berube factors required a ruling in his favor on the defendants’ dismissal motion. First, the judge’s own ruling states that he decided the defendants’ motion under Rule 4®, and there is not the remotest suggestion anywhere in the record that he applied or even considered the Berube factors in so doing. Second, few procedural points are more elementary than the fact that the Berube factors are relevant only in deciding a Mass. R Civ. R, Rule 60®) (1), motion for relief from judgment brought on the ground of excusable neglect, see, e.g., Boston Housing Auth. v. Bridgewaters, 69 Mass. App. Ct. 757, 769 (2007), a standard ®at is not ®e equivalent of good cause under Rule 4 (j). Nor, obviously, is a Rule 4 (j) motion seeking ®e entry of a judgment of dismissal the same as a Rule 60®) motion requesting relief from an existing judgment. Third, even when the Berube factors are relevant and ®e moving party actually satisfies all of the Berube factors, he is not entitled as a matter of law to ®e motion relief he seeks. See, e.g., Nieves v. Marraquin, 2009 Mass. App. Div. 291, 294.